JOHN NOE, administrator of ELIZABETH M. NOE, deceased,

*v.*

THE EXECUTORS OF ISAAC MILLER, deceased.

1. Under a bequest "to A. and his heirs," A. usually takes the whole, absolutely; but if it be "to A. and his children," the children take with their parent.

2. Under a bequest to two or more persons, by name or as a class, without more, they take as joint tenants; but slight evidence of an intention on the part of the testator to confer distinct interests, will make them tenants in common.

3. Testator gave his daughter E. one-twelfth of his estate, directing that it should not be subject to the control of her husband, but should be hers and her child's or children's.—*Held*, that the daughter took a life estate, with remainder to her children.

4. When a suit is necessary in the proper administration of a fund given by will, its costs and a reasonable counsel fee may be allowed, out of the fund, to a suitor who makes an unsuccessful claim to the fund.

On final hearing on bill, answers and proofs.

*Mr. William P. Wilson,* for complainant.

*Mr. F. W. Stevens,* for defendant.

THE VICE-CHANCELLOR.

This is a suit for a legacy. The complainant rests his right to recover on a bequest made to his intestate, Elizabeth M. Noe, by her father. Her father died August 8th, 1869, and she, September 1st, 1874. She left two children, both born in the life-time of her father, one before he made his will and the other after. The will directs that, after the testator's estate shall have been converted into money, it shall be divided into twelve shares, and then disposes of the several shares. The gift made to the complainant's intestate is in the words:

"I do give unto my daughter, Elizabeth M. Noe, wife of John Noe, one share in addition to what she has already had, her said husband

not to have any control of said legacy, but to be hers and her child's or children's forever; but, in case she should die, leaving no child or children, the said legacy may be claimed by my other children, according to the tenor of my will."

If the testator had omitted the words, "but to be hers and her child's or children's forever," his meaning would have been entirely free from doubt. ' Under a bequest thus expressed, his daughter would have taken a vested interest in the subject of the bequest, which could only have been defeated by her death without leaving a child surviving her. But this is not the form of the bequest. The testator has manifested, by clear words, that he intended the children, as well as the mother, should participate in his bounty. In construing a will, its language must be understood according to its plain and ordinary sense, and the will must so read as to give effect, if possible, to every word. Here, in the first instance, the gift is made to the daughter absolutely, and to the exclusion of everybody else, but the testator immediately adds that the subject of the gift shall be hers and her children's forever. Substantially the same intent would have been expressed if he had said, " I give the legacy to my daughter for the exclusive benefit of herself and her children." When a legacy is given "to A. and his heirs," the word "heirs" is usually understood to have been used to indicate the interest or quantity of estate intended to be given to A.; in other words, that he shall take the whole interest absolutely. *Ex'rs of Wintermute* v. *Ex'rs of Snyder, 2 Gr. Ch. 494; Crawford* v. *Trotter, 4 Madd. 192.* But when the gift is "to A. and his children," the word "children" is generally understood to be descriptive of persons who are to take as legatees, and, under a bequest in this form, the children take with the parent. *Ex'rs of Mason* v. *M. E. Church at Tuckerton, 12 C. E. Gr. 47.*

There can be no doubt that the testator intended the children of his daughter Elizabeth should, by force of his will, take some interest in the share he gave their mother, but precisely what, it is very difficult to define. It is very

probable he did not himself have a very clear idea of precisely what he intended to give to them; if he did, it is certain he has not expressed it. The duty of the courts in such cases is always difficult. They are required to tell what the testator meant when he did not know himself, and where he has left nothing but the most doubtful and ambiguous or conflicting traces of a purpose still in a nebulous state, and this they are required to do in cases where large property interests must pass by their judgment.

What estate or interest did the several legatees take under this bequest? Did they all take a right to the present enjoyment of the legacy, either as joint tenants or tenants in common, or did the mother take only a life estate, with remainder to her children? Where a legacy is given to two or more persons, by name or as a class, without more, they take as joint tenants ( *Westcott* v. *Cady, 5 Johns. Ch. 348; Hawk. on Wills 111; 2 Jarm. on Wills 158; 2 Kent Com. 350*), but, in a grant or devise of land, express words are necessary to create a joint tenancy. ( *Rev. p. 167.*) And in a bequest of personalty, slight evidence of an intention to confer distinct interests will operate as a severance, and then the legatees will take as tenants in common. As, for example, if the language of the bequest is, that A. and his children shall take equally, or by shares, or if the testator employs any other words indicating distinction or plurality of interests, in all such cases the legatees will take as tenants in common. *Hawk. on Wills 112; 2 Jarm. on Wills 162.* In this case, the gift is to the mother and her children, without more; there is nothing to lay hold of to change the construction from that which the law fastens upon it. If the mother and children both acquired a present right of enjoyment, I think it must be held they took as joint tenants and not as tenants in common.

Did they all take a right to the present enjoyment of the legacy, or did the mother take a life estate, and the children in remainder? This question is of no practical importance to the complainant, for, inasmuch as it has already been

decided that the legatees took as joint tenants (and, conse-
quently, whatever interest resided in the mother while alive,
passed, immediately on her death, to her children), it is clear
he cannot, as the representative of the mother, maintain
this action. But it is a question that will, perhaps, require
solution at some future time. All persons having any
interest in it are now before the court; the children, and
the complainant as their guardian, as well as the executors,
are here; they have been fully heard; under these circum-
stances, it is quite obvious, I think, that it is the duty of
the court, in the interests of peace and economy, and to
protect its wards against needless litigation, to decide it now.

Bequests expressed in the form of the one under con-
sideration, have usually been construed to give a life estate
to the parent, with remainder to the children. The only
cases holding that parent and children, under a similar
bequest, both take a right of present enjoyment, which
have come under my observation, are *De Witte* v. *De Witte, 11
Sim. 40; Bustard* v. *Saunders, 7 Beav. 92; Beales* v. *Crisford,
13 Sim. 592,* and *Ackerman* v. *Burrows, 3 Ves. & B. 54.*
The bequest construed in *Bain* v. *Lescher, 11 Sim. 397,* was
identical in substance, and almost in form, with that pre-
sented for construction in this case. The testator there, in
the first instance, made direct and exclusive gifts, in abso-
lute terms, to six persons, three males and three females,
and then added: " And I direct that the legacies given, by
the present will, to females, shall be for their own benefit
and their children, and shall never be subjected to the con-
trol of their respective husbands." Vice-Chancellor Shad-
well held that the parents each took a life estate, with
remainder to their children. A like construction, of
bequests more or less similar, was adopted in *Newman* v.
*Nightingale, 1 Cox 341; Crawford* v. *Trotter, 4 Madd. 192;
Jeffrey* v. *Honywood, Id. 398; Morse* v. *Morse, 2 Sim. 485;
Vaughan* v. *Marquis of Headfort, 10 Sim. 639; French* v.
*French, 11 Sim. 257; Crockett* v. *Crockett, 2 Phil. 553,* and
*Ward* v. *Pelouvet, 2 Stock. 304.*

Most of these cases were decided by a simple expression of opinion, without any attempt by the judge to give the course of reasoning by which he reached his conclusion. The construction adopted, however, seems to me to be reasonable and just. I think it is much more natural and reasonable to conclude, where a father makes a bequest of a particular sum or fund to a child, and also to the children of such child, jointly, without indicating in any way when their enjoyment shall commence, that he intends the parent shall have simply the income or produce during life, and that the principal shall go to the children on the death of their parent, than that he meant that his grandchildren should share equally with their parent at once, and have a right to demand a division of the fund, as soon as it is payable. I, therefore, hold, in accordance with what I deem the decided weight of authority, that, by the proper construction of this bequest, the complainant's intestate took a life estate in the legacy, and her children the principal or remainder.

Shall the complainant pay costs, or be allowed costs out of the fund in dispute? Where the true construction of a will is involved in doubt, so that two or more persons may fairly make adverse claims to the same fund, either may resort to a court of equity for an interpretation, and, though his claim may be pronounced invalid, he may still be entitled to costs and a reasonable counsel fee out of the fund. The litigation, in such a case, is indispensable to the proper administration of the fund, and it should, therefore, bear the costs of the litigation as part of the expenses incident to its administration. *Attorney-General* v. *Moore's ex'rs, 4 C. E. Gr. 503.* A suit in this case was necessary and proper, indeed, unavoidable; all persons having any interest in the fund, have been made parties, and have been afforded an opportunity of being fully heard. A decision of the complainant's claim practically settles the rights of all parties and leaves nothing for future dispute. He should, therefore, I think, be allowed his costs and a reasonable counsel fee out of the fund.