13 N.J. Super. 379 (1951)
80 A.2d 583
JOHN STOTHERS, EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF CATHERINE STEVENSON, ALSO KNOWN AS CATHERINE FLIEGER, PLAINTIFF,
v.
ALICE FLIEGER, WIDOW OF CHARLES FLIEGER, EDNA SCHADE, PHYLLIS COURTENAY AND MARY FLIEGER, HEIRS-AT-LAW OF CHARLES FLIEGER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 3, 1951.
*380 Mr. John Stothers, attorney for plaintiff.
Messrs. Ward & Friedman, attorneys for defendants.
GRIMSHAW, J.S.C.
The parties to this action join in seeking a construction of the will of Catherine Stevenson, *381 also known as Catherine Flieger, who died on March 14, 1950. The will was admitted to probate by the Surrogate of the County of Bergen on June 13, 1950. It provided, among other things, as follows:
"THIRD:  All the rest, residue and remainder of my estate, real, personal or mixed, whatsoever and wheresoever situate, including any power of appointment or disposition that I may have or acquire, I give, devise, and bequeath to my husband, CHARLES FLIEGER."
The question posed for determination by the court is what, if anything, passed to Charles Flieger under the residuary clause of Catherine Stevenson's will, quoted above.
The facts which occasioned the doubt are as follows: On March 12, 1935, Catherine Stevenson went through a marriage ceremony with Charles Flieger. Thereafter they lived as husband and wife until her death. At the time of the ceremony Flieger had a wife from whom he had not been divorced and to whom he remained married until his death on April 24, 1950, some five weeks after the death of Catherine Stevenson. The legal wife and children of Charles Flieger are the defendants in this litigation. So far as the record shows, Catherine Stevenson, also known as Catherine Flieger, left no next of kin or heirs at law.
Ordinarily where a bequest or devise is made to a named beneficiary who is, additionally, referred to as "my husband," the quoted words are considered to be mere words of description and the beneficiary takes, even though at the time of the death of the testatrix he was not, in fact, her husband. Murphy v. Markis, 98 N.J. Eq. 153 (Ch. 1925), affirmed 99 N.J. Eq. 888 (E. & A. 1926). And the same result follows in spite of the fact that the parties were never legally married, provided that there is no showing of fraudulent concealment of the prior marriage. In re Dries' Will, 69 N.J. Eq. 475 (Prerog. 1903).
There is no proof that Charles Flieger fraudulently concealed his prior marriage. In fact, in the stipulation of facts there is a copy of a proposed will drawn by Flieger after the *382 death of Catherine Stevenson, the language of which tends to indicate that Flieger believed that he was legally married to Catherine Stevenson and had been divorced from his first wife.
I am of the opinion that at the time of the making of her will, Catherine Stevenson intended to and did devise her entire estate to Charles Flieger and that the words "my husband" were mere words of description.
Judgment accordingly.