37 N.J. Super. 274 (1955)
117 A.2d 162
EDWARD C. WYCKOFF, EXECUTOR UNDER THE LAST WILL AND TESTAMENT AND CODICIL OF ANNA MOORE, DECEASED, PLAINTIFF,
v.
YOUNG WOMEN'S CHRISTIAN ASSOCIATION, A CORPORATION OF NEW JERSEY, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 7, 1955.
*276 Mr. Burnett B. Zimmerman, attorney for plaintiff.
Messrs. Lum, Fairlie & Foster (Mr. Peter W. Thomas appearing), attorneys for defendant Young Men's and Young Women's Christian Association of Newark and vicinity).
Mr. Herbert M. Ellend, attorney for defendants Robert H. Wuensch and Doris Smith.
Messrs. Pitney, Hardin & Ward (Mr. Frederick A. Frost appearing), attorneys for defendant Hospital of Saint Barnabas And For Women And Children.
*277 Mr. John C. Howe, attorney for defendant Society For The Relief Of Respectable Aged Women.
Mr. George L. Lombardi, attorney for defendants Coe R. Wellman and Esther Turner Wellman.
Messrs. McCarter, English & Studer (Mr. Woodruff J. English appearing), attorneys for defendant The Presbyterian Hospital In Newark, New Jersey.
Messrs. Chanalis, Lynch & Maloney (Mr. Michael N. Chanalis appearing), attorneys for defendant New Jersey Tuberculosis League, Inc.
SULLIVAN, J.S.C.
This is an action by an executor seeking instructions concerning his duties as well as the construction of certain provisions of decedent's will and codicil.
In 1939 Anna Moore made her will wherein she disposed of her estate including eight 6% perpetual interest-bearing certificates of Public Service Corporation, a New Jersey corporation, registered in her name. These certificates were in various denominations totaling $7,200. The will makes a specific bequest of each certificate to a named beneficiary. Typical of the aforesaid bequests is paragraph Thirty-second of the will as follows:
"I give and bequeath to the Society for the Relief of Respectable Aged Women, a corporation of New Jersey, located at 225 Mt. Pleasant Avenue, Newark, N.J., a Two Thousand Dollar Permanent (sic) Interest Bearing Certificate of the Public Service Corporation, a New Jersey corporation."
In 1943 a codicil was executed making some changes in the will which are not pertinent to the present inquiry. Anna Moore died in 1954 and her will and codicil have been probated. At the time of her death the testatrix did not own any perpetual interest-bearing certificates of Public Service Corporation, but did own a registered $7,200 6% debenture bond of Public Service Electric and Gas Company. What had happened was that Public Service Corporation was dissolved in 1948 and, under the plan of dissolution, *278 these certificates were exchanged for the debenture bond in Public Service Electric and Gas Company, one of the successor corporations.
The issue is whether or not there has been an ademption of the legacies of the perpetual interest-bearing certificates of Public Service Corporation.
There is no doubt but that the legacies in question are specific. Each such bequest refers to a particular item of property distinguishable from the other assets of the estate, and the only way the legacy can be satisfied is by delivery and receipt of the property specified.
"A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate, which is identified and distinguished from all others of the same nature, and which can be satisfied only by the delivery and receipt of the particular thing given." In re Low's Estate, 103 N.J. Eq. 435, at page 437 (Prerog. Ct. 1928).
When is a specific legacy adeemed? It would be difficult to propound a rule applicable to all possible situations. However, Chief Justice Gummere adopts the following as an accurate statement of the law of ademption and of its limitations.
"* * * `A legacy which is specific is adeemed when the particular thing given is wholly lost or destroyed; or is disposed of by the testator during his life; or is so altered by him in its form as to indicate a change of testamentary purpose on his part, an intentional partial revocation of his will.'" In re Cooper's Estate, 95 N.J. Eq. 210, at page 212 (E. & A. 1923).
See, also, Arenofsky v. Arenofsky, 29 N.J. Super. 209 (App. Div. 1954).
The intention of the testator therefore is involved only when his actions with reference to the subject matter of the bequest give rise to the inquiry as to whether there has been an ademption. Where, as here, the question is presented because of a corporate reorganization under which the decedent was obliged to surrender her old securities in exchange for a debenture bond of the new corporation, *279 the sole inquiry is whether the subject matter of the bequests has been "wholly lost or destroyed."
On the facts presented it is clear that there has been no ademption. True, there has been a mutation of the subject matter of the bequest. However, the change is not so substantial that the identity of the subject of the original legacy has been lost. In holding that the mere change in form of the subject matter of a bequest (incorporation of a family business), does not of itself work an ademption, Judge Francis said this:
"The law never abandons a testator where it is possible to effectuate the intention manifested by his will, without doing violence to its language or in effect rewriting the instrument." Arenofsky v. Arenofsky, supra, 29 N.J. Super., at page 217.
To the same effect see Donath v. Shaw, 132 N.J. Eq. 545 (Ch. 1942); Latorraca v. Latorraca, 132 N.J. Eq. 40 (Ch. 1942); Chase National Bank v. Deichmiller, 107 N.J. Eq. 379 (Ch. 1930).
In the matter now under consideration, while the original interest-bearing certificates were surrendered and are now represented by a debenture bond, their identity has not been wholly lost or destroyed, and the testatrix' intention as expressed can be carried out. It is to be accomplished in the following manner. The $7,200 debenture bond is to be exchanged for debenture bonds of smaller denominations equal to each bequest and registered in the names of the respective legatees. Each legatee shall also be entitled to interest from the date of death of testatrix.
The other question presented by the pleadings involves the construction of paragraph 4 of the codicil which provides as follows:
"4. I give, devise and bequeath to the Reverend Dr. Coe R. Wellman and his wife Esther Turner Wellman, now residing at 284 Mt. Prospect Avenue, in the City of Newark, New Jersey, as tenants by the entirety, if they both survive me, or in case one of them shall predecease me, then to the survivor of them, the house in which I now reside, together with the furnishings thereof, excepting only an Old Fashioned Walnut Whatnot, and the land which I own *280 located at 325 Summer Avenue, in the City of Newark, County of Essex and State of New Jersey; in loving memory of their many acts of friendship."
The difficulties which have arisen stem from circumstances that occurred after the codicil was executed. On March 7, 1952 Coe R. Wellman and Esther Turner Wellman were divorced by final judgment of the Circuit Court of St. John's County, Florida, and they have not since remarried. The effect of the divorce on paragraph 4 of the codicil is the matter submitted to this court for determination. Two questions are presented:
Does paragraph 4 of the codicil fail because of the divorce?
If paragraph 4 of the codicil does not fail, what estate do the two persons named take in the real and personal property mentioned therein?
Paragraph 4 of the codicil does not fail because of the divorce. There is nothing in the clause under consideration indicating that the devise and legacy were conditioned upon the two persons named remaining husband and wife. It is true that Esther Turner Wellman is stated to be the wife of Coe R. Wellman, and it is also true that the paragraph in question describes the estate to be taken in both the real and personal property as an estate "by the entirety." However, neither of these provisions is conclusive. In interpreting a will it is generally held that words such as "his wife," "my husband," and the like used either before or after the naming of a person are to be construed as descriptive and not as a condition of the gift unless the will provides otherwise.
In the case of Bullock v. Zilley, 1 N.J. Eq. 489 (Ch. 1832), a legacy was left to "Thomas Bullock, and Rebecca his wife." The parties involved were married when the will was executed but subsequently were divorced. A question arose as to whether Rebecca not now being the wife of Thomas had any legal interest in the legacy. While holding that in every case the intention of the testator as expressed *281 must govern, the court ruled that the words "his wife" were descriptive only and not a condition to her sharing in the bequest. To the same effect see Murphy v. Markis, 98 N.J. Eq. 153 (Ch. 1925) (my beloved husband); Stothers v. Flieger, 13 N.J. Super. 379 (Ch. 1951) (my husband).
The provision that the Wellmans are to take "as tenants by the entirety" admittedly cannot be complied with. However, this fact alone does not operate to bar any taking. The codicil does not say that they are to take as tenants by the entirety or not at all. On its face, paragraph 4 is an absolute gift. The provision for an estate by the entirety in a devise to a husband and wife indicates the normal estate they would take by operation of law. Since the parties here involved are now divorced that provision is no longer efficacious. However, the main intent of the testatrix as expressed can be carried out, i.e., that of giving, devising and bequeathing her home and its furnishings to Coe R. Wellman and Esther Turner Wellman in loving memory of their many acts of friendship.
Where a conveyance is made to a man and woman as husband and wife so that normally a tenancy by the entirety would result, and it develops that the grantees actually are not husband and wife, our courts hold the conveyance to be operative and effective notwithstanding the fact that no tenancy by the entirety can possibly result. Casini v. Lupone, 8 N.J. Super. 362 (Ch. Div. 1950).
Having determined that paragraph 4 of the codicil does not fail because of the divorce, the next question is what estate do the Wellmans take in the real and personal property devised and bequeathed by said paragraph.
Obviously they cannot take by the entirety. That estate can only exist between husband and wife. To quote Judge Jayne in Danes v. Smith, 30 N.J. Super. 292, at page 305 (App. Div. 1954):
"* * * A tenancy by the entirety without coverture is as unimaginable as a tree without a root."
*282 They must, therefore, take either jointly or as tenants in common.
A joint estate is not favored under present-day law. Some states have abolished joint estates entirely; others like Jersey have enacted legislation limiting their creation. Our statute, R.S. 46:3-17, which has been in effect since 1812, provides that "no estate shall be * * * adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate that it was or is the intention of the parties to create an estate in joint tenancy and not an estate of tenancy in common * * *."
Under our cases, a distinction is made between realty and personalty, in that where a gift of personalty or a legacy is made to a class without more, the members of the class take as joint tenants. Noe v. Miller's Ex'rs, 31 N.J. Eq. 234 (Ch. 1879). However, this rule has been limited where the members of the class are also named in the gift or legacy. Lawes v. Lynch, 6 N.J. 1 (1950). On the other hand, where there is a grant or devise of real property, express words are needed in order to create a joint tenancy. Noe v. Miller's Ex'rs, supra; R.S. 46:3-17, supra.
It is clear that the legacy of the house furnishings is a gift in severalty and not a class gift. The bequest is to two named persons who actually do not constitute any kind of class, and in the absence of express words of joint tenancy, a tenancy in common results.
In examining paragraph 4 of the codicil we find no expressed intent to create a joint tenancy. As to both the real and personal property, the testatrix attempts to create an estate by the entirety, but as heretofore indicated, that provision of the codicil cannot be complied with. At this juncture it might be pointed out that even if the Wellmans were still married to each other they could not take the furnishings as tenants by the entirety. No such estate can exist in personal property. Where there is a testamentary gift of real and personal property to a husband and wife, without more, it is the rule that they take the realty as tenants *283 by the entirety, and the personal property as tenants in common. Damron v. Mast, 121 N.J. Eq. 489 (Ch. 1937).
The provision for a tenancy by the entirety does not indicate an intent to create a joint tenancy in the Wellmans. As heretofore established, a tenancy by the entirety can only exist between husband and wife and you cannot apply it to any other situation. It has no meaning outside its own environment. Such an estate is not similar to a joint tenancy. The survivor of an estate by the entirety does not take by right of survivorship, as in the case of joint tenants, but continues to hold the whole by virtue of the original title. 4 Thompson on Real Property (perm. ed.), sec. 1804. Actually, a tenancy by the entirety has some of the characteristics of a joint tenancy and some of the characteristics of a tenancy in common. Neubeck v. Neubeck, 94 N.J. Eq. 167 (E. & A. 1922).
Nor does the language that the "survivor of them" shall take if either of them predeceases the testatrix evidence a joint tenancy. The word "survivor" as used relates only to the possible death of one of the Wellmans prior to the testatrix. It is not used to indicate what estate the Wellmans are to take if both of them survive the testatrix.
"It is highly important that the distinction between these two questions, `Who takes?' and `What is taken?' be kept clearly in mind. The failure to do so is likely to result in serious confusion of thought, and has frequently so resulted in many of the reported opinions and statements of text-writers. The phrase that the legatees `take jointly' (or severally), or that the gift is `made to them jointly' (or severally), or similar language, is often loosely used in reference to either or both situations, i.e., where the discussion is as to the persons in whom the gift vests at testator's death and/or where it is as to the nature and character of the estate which vests in those in whom it does vest." Damron v. Mast, supra, 121 N.J. Eq., at page 491.
For the reasons given it is determined that under paragraph 4 of decedent's codicil Coe R. Wellman and Esther Turner Wellman take the real and personal property bequeathed and devised therein as tenants in common.