Gordon v. Jackson.

---

PETER M. GORDON, executor of Cornelia Jane Van Deventer,

*v.*

WALTER H. JACKSON et al.

[Filed April 17th, 1899.]

1. Where a testatrix provides "*Sixth*. The remainder of my estate I bequeath to my first husband's stepmother and her children. Her name is Rebecca Hand"—*Held*, that in the absence of any indication in the will that the testatrix intended that Rebecca Hand should take a life estate and the children the remainder, they all took concurrent interests.

58 166
62 132

2. Rebecca Hand and two of her five children died before the testatrix.— *Held*, that the share of Rebecca Hand lapsed, but the shares of the deceased children went to the other members of the class.

---

This bill is filed to obtain the construction of the will of Cornelia Jane Van Deventer. After directing the payment of her debts and giving a number of small legacies, she then provided as follows: "*Sixth.* The remainder of my estate I bequeath to my first husband's stepmother and her children. Her name is Mrs. Rebecca Hand." This is the clause to be construed.

The will was executed on April 1st, 1892. The testatrix died on January 27th, 1895. Rebecca Hand, named in the will, died November 10th, 1891. Hannah M. Jackson, a daughter of Rebecca Hand, died October, 1885, leaving two children, Walter H. and Jennie C. Hering, who still survive.

Ellen V. Troutt, another daughter of Rebecca Hand, died in March, 1887, leaving one daughter, Ella V. Troutt, still surviving.

Three children of Rebecca Hand are still living, namely, Hester R. Smith, Joseph W. Hand and Mary N. Reynolds.

The next of kin of the testatrix are Brucilla Ann Thompson, Ralph Marriott and James V. Titus.

The remainder of the estate coming under the operation of the sixth clause amounts to about $2,000. The following diverse claims to this fund now set up, are—first, the three surviving children of Rebecca Hand claim that the whole amount is divisible between them; second, the surviving children of the two deceased daughters of Rebecca Hand claim their respective mothers' share, and third, the next of kin of the testatrix claim that the gift to Rebecca and the gifts to the two deceased daughters lapsed by reason of their death occurring before the death of the testatrix, and therefore go to the next of kin of the testatrix.

*Mr. James H. Van Cleef*, for the complainant.

*Mr. Freeman Woodbridge*, for the children of the testatrix.

*Mr. Theodore Strong,* for the children of Rebecca Hand and the children of the deceased daughters of Rebecca Hand.

REED, V. C.

The first question is whether Rebecca Hand and her children take concurrently; or whether Rebecca Hand takes a life interest, and her children the remainder.

In *Noe's Administrator* v. *Miller's Executors, 4 Stew. Eq. 234,* the bequest was :

"To my daughter Elizabeth M. Noe, wife of John Noe, one share, in addition to what she has already had ; *her said husband not to have any control of the said legacy,* but to be hers and her child or children's forever ; but in case she should die leaving no child or children, the said legacy may be claimed by my other children, according to the tenor of my will."

Vice-Chancellor Van Fleet held that the mother took a life interest in the legacy, and her children the remainder.

The bequest in that case differs from the gift in this case in the particular that in that, the gift was to a mother free from the control of her husband, and it was upon that feature of the bequest, that the cases cited in support of the construction thus given, rested.

The language of the opinion in that case, however, was broad enough to include all cases of a gift to a person, and his or her children. The vice-chancellor says : " I think it is much more natural and reasonable to conclude that where a father makes a bequest of a particular sum or fund to a child and also to the children of such child, jointly, without indicating in any way when their enjoyment shall commence, that he intends that the parent shall have simply the income or produce during life, but that the principal shall go to the children on the death of their parent, than that he meant that his grandchildren should share equally with their parent at once, and have a right to demand a division of the fund as soon as it is payable."

I entirely concur in the force of these observations, for I have no doubt that when a gift or a devise is made to A and his or her children the testator almost always has in mind the notion

Gordon *v.* Jackson.

of descent of the property from the parent to the children. If this was a case of first impression I should hold that Rebecca Hand took a life interest with remainder in her children.

But the rule of construction is settled by the overwhelming weight of judicial sentiment that a devise or gift in this shape, without more, gives a concurrent estate in the parent and children. If the subject-matter is personalty they all take as joint tenants, and if it is realty they take under our statute as tenants in common, in default of some direction in the will that they shall take as joint tenants.

A gift to a parent and children is, *prima facie*, a gift to them concurrently. *Theob. Wills 325* and cases cited. In a devise to parent and children, if there are any children living at the time the will is executed, the term " children " is, *prima facie*, not a word of limitation. *Byng v. Byng, 10 H. L. Cas. 171; Oates v. Jackson, 2 Str. 1172; Jeffery v. Honywood, 4 Madd. 398.*

Although a gift in this form,. *prima facie*, gives a concurrent interest to the devisees or legatees named, yet slight indications in the will or in the form of the bequest will be seized upon to overthrow the presumption of an intent to give a concurrent interest. The classes of instances in which the courts have found indications of an intent to give to the parent a life interest are stated by Theobald on page 326 of his work on *Wills*.

The fourth class covers those cases where the fund is given to a wife and her children, coupled with words creating a separate use in the mother of the whole fund. It is within this class of exceptions to the general rule that the case of *Noe's Administrator v. Miller's Executors, supra*, falls.

In respect to the present case, it suffices to say that there is no indication in the will of an intent of the testator other than that to be derived from the use of the bare words already displayed. I am therefore constrained to hold that these words give concurrent interests to the mother and children.

The second question is, what becomes of the share of Rebecca Hand and the shares of the two deceased daughters? If the residue is personalty they take as joint tenants, and these interests pass to those surviving at the time of testatrix's death. The

pleadings are silent in respect to the residue, whether it is real or personal estate, but it is stated in the brief that this amount, although in the shape of money, is the result of sales of real estate which the executors of the testatrix were empowered, but not ordered, to sell.   If this is so, there being no equitable conversion of such real estate, this residue must be regarded as still real estate upon which the sixth clause is operative.   Regarding it as a gift of realty, the devisees would take as tenants in common by force of our statute.   The gift not being made to a child or other descendant of the testatrix, or a brother or sister of the testatrix, or a descendant of such brother or sister, the share of a tenant in common who died before the testatrix is not saved from lapse by our statute.

The question whether the shares of those who died before the testatrix lapsed must therefore be determined by the rules of common law.

The only conceivable ground which can be urged against a lapse is that the gift is one made to a class.   In cases of gifts to a class as tenants in common, the shares of members of the class dying before the testatrix do not lapse, but go to the other members of the class. *Theob. Wills 643; Hawk. Wills 68.* The question then is, whether this is a gift to a class, and if so, whether Rebecca Hand is a member of the class.   It is said that she is named, and that the rule is that where the testator names a person or persons as a beneficiary, such person or persons cannot be one of a class.

It is undoubtedly true that where a testatrix fixes the identity of those who are to take, and thereby fixes the proportion which each is to take, those persons are not a class unless there is some indication in the will that the testator wishes them to be so regarded.   But if one or more persons are named, and the gift is to those named, and also to an unlimited number, they together could constitute a class.   For instance, a gift to Charles and the other children of A is a gift to a class; for Charles' share as well as the others is dependent upon the number of children living at testatrix's death.

On the other hand a gift to A, B, and C, children of A, would

Gordon v. Jackson.

not be a class, for the number who are to take and the amount of the shares of each are presently fixed.

*In re Stanhope Trusts, 27 Beav. 201,* the testator gave his real and personal property in trust for the equal benefit of his wife's daughters, naming them, and then provided· that if he and his wife should have a daughter or daughters, they were to be equally entitled with his said daughters in the residue of his estate. Upon the death of one of the daughters it was held that there was no lapse. Sir John Romilly, master of the rolls, said if the gift stood as a gift to the four daughters, it would not have been a class, but all the daughters to be born are to participate, and therefore it is a gift to a class. A person may make a bequest to the daughters of A and the daughters of B, and he may add any other person to them, making together one class.

In *Shaw* v. *McMahon, 4 Dru. & War. 431,* the will provided as follows :

"The surplus income to be equally, during the lifetime of my son Beresford McMahon, divided between my children, including Beresford and William, in equal shares, during the life of Beresford."

The testator afterwards revoked the gift to William.

Lord-Chancellor Sugden held that it was a gift to a class, and upon the revocation of the gift to William, his share went to the rest of the class. In *Aspinnall* v. *Duckworth, 35 Beav. 307 (1866),* a gift to the nephew of A and the children of the testator's late sister, B, as tenants in common, was held to be a gift to a class, and although three of the children died it was held that there was no lapse, their shares going to the rest.

In this case it is perceived that the nephew of A was held to be a member of the class, although he did not belong to the natural class, *i. e.,* the children of the testator's late sister.

So in *Drakeford* v. *Drakeford, 33 Beav. 43,* where there was a gift to the children of A and to my neice Rosemond, it was admitted that Rosemond might be a member of the class, but in that case, inasmuch as the members of the class were not to be ascertained at one and the same time, it was held that it was not such a gift.

Ridge *v.* Pennsylvania R. R. Co.

In the case of *In re Chaplin's Trusts, 33 L. J. Ch. 183,* the question came up as to whether a person not a member of the natural class, to whom and to the natural class a gift was made, was such a member of the class as that upon his death his share lapsed.

Vice-Chancellor Wood, after a review of the cases, made a distinction between a gift to A and the other children of B, and to A, not a child of B, and the children of B, and held that upon the death of A in the first instance his share would not lapse, but upon the death of A in the second instance it would lapse. Although this decision is criticised by Mr. Jarman in his work on *Wills—1 Jarm. Wills (Rand. & Talc. ed.) 335 note n*—it was followed *In re Allen, 44 L. T. (N. S.) 240,* decided in 1881. In that case Mr. George Jessel not only followed the rule as laid down *In re Chaplin's Trusts,* but gave the rule the sanction of his approval. In that case the property was bequeathed equally among the children of R. W., and the child of W. W. L. and his wife, and A. W., the widow of H. S. W., share and share alike. The child of W. W. L. and his wife died in testator's lifetime, and it was held that his share lapsed. This is the present condition of the English decisions. I will follow these cases with the result that upon the assumption that the fund to be distributed is to be regarded as realty, the share of Rebecca Hand lapses and goes to the heirs of testatrix, while the shares of the deceased daughters do not lapse but pass to the three surviving daughters.