KARL GUSTAV MAGNUSON

*v.*

ELLEN MARIE MAGNUSON *et al.*

*Opinion filed June 19, 1902.*

1. WILLS—*effect of the death of one tenant in common under a will.* Where one or more of the named persons who would, under section 5 of the Conveyance act, take as tenants in common, die before the testator, the lapsed devises go as intestate property to the heirs-at-law of the testator.

2. SAME—*what does not prevent lapsed devise from passing as intestate property.* The fact that one tenant in common under a will dies some seven years before the testator does not prevent the conclusion that the lapsed devise descended as intestate property, where there is nothing in the will to show an intention on the part of the testator to dispose of the same.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

WHITFIELD & WHITFIELD, for plaintiff in error.

H. H. C. MILLER, CHARLES G. LITTLE, and GEORGE W. HESS, for defendants in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is a bill for partition, brought in the circuit court of Cook county by Ellen Marie Magnuson, widow of Peter Oluf Magnuson, deceased, claiming as devisee under the will of said Peter Oluf Magnuson and also as one of his heirs-at-law, against the other devisee and other heirs-at-law.

The bill and amendments allege that Peter Oluf Magnuson died on January 23, 1898, leaving a will, in and by which, after devising one-half of his estate, real and personal, to his wife, $200 to the Norwegian-Danish Educational Society of Evanston, and $200 to Raymond Carinius Magnuson, it was provided, "the remainder of my estate I wish to be given and divided equally, share and share alike, between my father, Magnus Larson, my brother, Karl Gustav Magnuson, and my sister, Marie Elise Magnuson;" that said will was duly proven and admitted to record in the probate court of Cook county and letters testamentary issued thereon; that testator left him surviving Ellen Marie Magnuson, the complainant, his widow; Karl Gustav Magnuson, his brother, (plaintiff in error); Thea Sevrina Magnuson, his half sister; Helga Magnuson, his half sister; Kanut M. Olsen, Thor A. Olsen, Ellen S. Olsen, Magnus Olsen and Mabel A. Olsen, children and heirs-at-law of Marie Elise Olsen, who was a sister of Peter Oluf Magnuson, and who died before his death, his only heirs-at-law and next of kin; that Peter Oluf Magnuson was at the time of his death seized of certain real estate in Cook county; that Magnus Larson and Marie Elise Magnuson died prior to the death of testator; that the four-twelfths of said estate devised to Magnus Larson and Marie Magnuson, by reason of

the deaths of said Magnus and Marie prior to the death of testator, descended to the heirs-at-law of testator as intestate estate; that complainant is seized of $\frac{60}{120}$ of said real estate as devisee and $\frac{20}{120}$ thereof as heir-at-law of testator; that Karl Gustav Magnuson is seized of $\frac{20}{120}$ as devisee and $\frac{5}{120}$ as heir-at-law; that Helga Magnuson is seized of $\frac{5}{120}$ as heir-at-law, and that Kanut Olsen and Mabel A. Olsen are seized, each, of $\frac{1}{120}$ as heirs-at-law of testator. The bill further alleges certain encumbrances as to which no error is assigned, and prays partition or sale. The answer of Karl Gustav Magnuson, plaintiff in error, neither admits nor denies the facts alleged in the bill, but demands strict proof. Kanut M. Olsen, after answering, died, leaving a will, devising his entire estate to his widow, Helga Jenny Olsen. She was made a party defendant by amendment to the bill, and answered.

A decree was entered finding the facts as alleged in the bill as amended, and adjudging that the four-twelfths of the estate devised to Magnus Larson and Marie Elise Magnuson, by reason of their deaths prior to the death of testator, descended to the heirs-at-law of testator as intestate estate; that the interests of the parties were as set out in the bill, and ordering sale, directing the master to distribute the proceeds of sale amongst the parties according to their interests as found in the decree of partition.

There is but one question presented for our consideration. Magnus Olsen and Marie Elise Magnuson, two of the residuary devisees, having died prior to the decease of the testator, do the devises to them lapse and descend as intestate estate, or fall into the residuum and pass to Karl Gustav Magnuson, the surviving residuary devisee?

Section 5 of chapter 30 (Hurd's Stat. 1899, p. 403,) provides that "no estate in joint tenancy, in any lands * * * shall be held or claimed under any * * * devise * * * whatsoever, * * * unless the premises therein mentioned shall expressly be thereby declared to pass, not in

tenancy in common, but in joint tenancy, and every such estate * * * shall be deemed to be in tenancy in common." Under the statute, Magnus Larson, Marie Elise Magnuson and Karl Gustav Magnuson would have taken by the will as tenants in common, and upon Magnus Larson and Marie Elise Magnuson dying prior to the death of the testator the devises to them would lapse. Being tenants in common, the devises which lapse are not re-absorbed into the residue, but go as intestate property. In case of the failure or revocation of the devise to any of the tenants in common such shares descend to the heir-at-law of the testator, unless the devises be to the objects as a class. (3 Jarman on Wills,—5th Am. ed.—p. 17.) It is said in 1 Underhill on Wills (sec. 336): "Where a lapse takes place in the gift of the residue, either because the sole residuary beneficiary has pre-deceased the testator or because one of the several residuary beneficiaries who *take as tenants in common* have died before him, the gift which lapses is not re-absorbed into the residue, but goes as intestate property either to the heirs or the next of kin of the testator, according to the nature of the property. This rule does not apply to a residue which is given in language which creates a joint tenancy among the residuary legatees, and *a fortiori* where the residuary gift is to several who take as members of a class, to be ascertained at the death of the testator." And the same doctrine is stated in *Skrymsher* v. *Northcote,* 1 Swanst. 570, as follows: "It seems clear, on the authorities, that a part of the residue of which the disposition fails will not accrue in augmentation of the remaining parts as a residue of a residue, but, instead of resuming the nature of a residue, devolves as undisposed of." (*Powers* v. *Godwise,* 172 Mass. 425; 52 N. E. Rep. 525; 2 Redfield on Wills,—2d ed.—p. 118.) In *Minkler* v. *Simons,* 172 Ill. 323, we said (p. 328): "Where a testator devises to three of his children property as tenants in common, and subsequently revokes the devise as to one and makes no dis-

position whatever of the share revoked, such share will not go to the other two, but it will descend as provided in the Statute of Descent."

But it is contended by plaintiff in error that inasmuch as Magnus Olsen died some seven years prior to the death of the testator, it cannot be presumed to have been the intention of the latter to die intestate as to the share of such devisee; that it cannot be presumed, in the face of the provision already made for his widow, that the testator intended she should receive a further portion as one of his heirs-at-law. To this latter contention we might reply, neither can it be presumed that he intended that the plaintiff in error should receive a further portion. No provision or mention is made in the will itself of the disposition intended to be made of the portion of the devisees dying prior to the testator, and no intention can be gathered from the instrument itself what disposition the testator desired to make of the lapsed devises. Upon considering a will containing substantially the provisions of the will in this case, we said in *Minkler* v. *Simons, supra,* (p. 328): "There is nothing to warrant a presumption of an intention on the part of the testator to make a disposition of the revoked share of the estate. * * * However reluctant courts may be to hold that a portion of the property of a testator shall be regarded as intestate property, they cannot do otherwise where, as in this case, there is nothing to show an intention on the part of the testator to dispose of the property."

There being no express declaration in the will that the residuary devisees should take as joint tenants, the decree of the learned chancellor holding that they would take as tenants in common, and that the shares of the deceased residuary devisees lapsed and passed as intestate property of Peter Oluf Magnuson, was correct, and is affirmed.                                   *Decree affirmed.*