## MARY B. LOUNDEN v. WILLIAM F. BOLLAM, Appellant.

### In Banc, February 11, 1924.

1. **DEVISE: Joint Tenancy: Death of Devisee Before Testator: Survivorship: Statute.** The statute (Sec. 516, R. S. 1919) provided that where an estate is devised to relatives "and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate" devised to such devisee. The will devised certain real estate to testatrix's two sons, George and William, "to have and to hold the same as joint tenants and not as tenants in common, in fee simple." George died four days before the testatrix, leaving as his only child, Mary, who claims a half interest. *Held*, that, under the statute, Mary took as a joint tenant with William, just as George would have done had he survived the testatrix, and the entire estate did not go by right of survivorship to William. The statute applies to joint estates, as well as to tenancies in common.

   *Held*, by WALKER, J., dissenting, that no lapse can occur in a joint tenancy, and that said statute only applies to tenancies in common; and where one of the devisees named as joint tenants dies before the testatrix, leaving descendants who survive the testatrix, the surviving joint tenant, in this case William, took the entire estate.

2. ——: ——: **Death of One Before Title Vests: Survivorship.** Before one of two joint tenants can take the estate of the other by right of survivorship there must be a joint tenancy between the two with the title fully vested, and the other must die after such vesting of the title. If the will devises realty to two sons as joint tenants, and one of them dies before the testatrix, the title does not vest in him, but if he leaves descendants who survive the testatrix the title, by the statute, vests, upon testatrix's death, in such descendants and the surviving son as joint tenants, and the surviving son will not, by right of survivorship, take the entire estate. The statute abolished the common-law rule of surivorship applicable to joint tenancies, and declared that the devise should not lapse, but that the lineal descendants of the deceased devisee "shall take the estate" devised to such devisee.

*Held*, by WALKER, J., dissenting, that a joint tenancy can be created only by deed or will, and never by descent or legislative enactment, and cannot, be transformed into a tenancy in common. The joint tenancy created by devise is limited to those named in the will, and if not so limited it ceases to be certain, and ceasing to be certain it cannot exist, and the devise becomes certain when it names certain devisees as joint tenants, for then, upon the death of some of them, the entire estate goes to the survivors.

3. ——: ——: **Intention: Legal Intendment.** The testator is presumed to have intended the legal effect of the language used in his will. Where the will devised real estate to two sons, "to have and to hold the same as joint tenants and not as tenants in common" the testatrix is presumed to have intended that these words would be interpreted to mean what the then statute declared, namely, that upon the death of one of the sons before her own death, leaving lineal descendants, such descendants shall take the estate such deceased son would have taken had he survived her, and did not intend that, upon her death, one of her sons being then dead, the survivor would take the entire estate, to the exclusion of the surviving descendants of such deceased son. Having made no provision for the disposition of the estate in case of the sons predeceased her, she is presumed to have known that the statute made such provision. In such case the statute is incorporated in the will as a part of it.

*Held*, by WALKER, J., dissenting, that said statute has no application to joint tenancies, and while it abolished the right of survivorship in devises creating tenants in common of a class named as devisees, it in no wise affected the common-law rule of survivorship among joint tenants, which is, that where one of the named joint tenants dies the survivors take the entire estate.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

AFFIRMED.

*Thos. E. Mulvihill* for appellant.

(1) Where property is devised to two or more persons to have and to hold the same as joint tenants, and not as tenants in common, an estate in joint tenancy with right of survivorship is created. Joint tenancies are not abolished by statute in this State, but may be created by express words in the grant or devise creating the estate. Johnson v. Johnson, 173 Mo. 113; Rodney v. Landau, 104 Mo. 259; Lemmons v. Reynolds, 170 Mo. 234; Cohen v. Herbert, 205 Mo. 537; 2 Am. & Eng. Ency. Law, p. 1059; Martin v. LaChasse, 47 Mo. 591. (2) The controlling guide in the construction of wills is the intention of the testator. And this intention is to be gathered from a consideration of the whole instrument and the general design and scope of it, giving each part its fair and usual meaning. Hope v. Hope, 12 W. Va. 480; Turner v. Timberlake, 53 Mo. 375; Allison v. Chany et al., 63 Mo. 282; Chew v. Keller, 100 Mo. 369; Lomax v. Cramer, 216 S. W. 575; Gibson v. Gibson, 280 Mo. 529. (3) The object of the statute (Sec. 516, Revised Statutes 1919) was to prevent a lapse of the legacy which would take place under the common law when the legatee died before the testator, and not to defeat any expressed purpose of said testator. Furthermore, such a statute is not applicable where independent of it no lapse could occur. 40 Cyc. 1515-1516; Lockhart v. Van Dyke, 97 Va. 356; In re Freeman's Estate, 146 Iowa, 38; Wittenberger v. Payne, 162 Mo. App. 438; In Matter of Neydorff, 193 App. Div. (N. Y.) 531.

*S. T. G. Smith* and *Alex R. A. Garesche* for respondent.

(1)   The appellant has cited a number of cases to uphold the point that "the controlling guide in the construction of wills is the intention of the testator." We do not deny that this is the law, but we do deny that this point enters into the case at bar. There is nothing in the will to denote that the testatrix sought to prevent a partition of this property. Further, none of the cases cited by the appellant are in point, as the facts in each case are not analogous to the case at bar. A joint tenancy may be partitioned. Stockwell v. Stockwell, 262 Mo. 671. (2) Section 516 operates to place the decedent of the dead devisee in the same position, with respect to the devise, that the dead devisee would have been had he lived. Jamison v. Hay, 46 Mo. 546; Guitar v. Gordon, 17 Mo. 409; Wattemberger v. Payne, 162 Mo. App. 434.

WHITE, J.—The plaintiff brought this suit to partition a certain tract of land in the city of St. Louis between herself and the defendant, alleging that they were joint tenants, each owning an undivided one-half interest in the property. Both parties claim under the will of Mary Hazel Bollam, mother of the defendant, and grandmother of the plaintiff. The will of Mary Hazel Bollam has the following provisions affecting the property:

"Third: I give, bequeath and devise to my two sons, George P. Bollam and William F. Bollam, my house and lot, known as premises No. 3234 Lawton Avenue, St. Louis, Missouri; to have and to hold the same as joint tenants and not as tenants in common, in fee simple."

The Fourth and Fifth items give specific bequests. The sixth is as follows:

"Sixth: All the rest, residue and remainder of my estate, of every kind, I give, devise and bequeath to my son William F. Bollam."

Mary Hazel Bollam, the testatrix, died January 24, 1920. George P. Bollam, mentioned in item third of the

will, died January 20, 1920, four days before the death of testatrix.

The plaintiff, Mary Lounden, is the only child of George P. Bollam, deceased, and claims half interest in the property by virtue of Section 516, Revised Statutes 1919. That section is as follows:

"Sec. 516. *Descendants of devisee shall take property of devisee.* When any estate shall be devised to any child, grandchild or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done in case he had survived the testator."

Under that provision of the statute the plaintiff, as the only child of George Bollam, should take as joint tenant with William Bollam, just as her deceased father, George Bollam, would have taken if he had survived the testatrix.

The appellant on the contrary argues that William Bollam takes by survivorship, and therefore the statute, Section 516, which is designed to prevent the lapse of a legacy, would not operate. A distinction is. pointed out between a devise of a joint tenancy and a tenancy in common. So far as the devolution of the estate, as determined by the will, is concerned, there is no distinction between the joint tenancy and the tenancy in common, where in the latter case the devise is *to a class*.

The case of Jamison v. Hay, 46 Mo. 546, is directly in point, and the only case in which the matter is decided in this State. There the testator devised a certain portion of his estate "to the sons and daughters of A." Under the common law rule, some of the sons and daughters of A being dead, the survivors would take the whole estate. The court held that the statute would prevent that result and the lineal descendants of the deceased children of A, under Section 516, would take the part which otherwise would go to the deceased children. The devise in that case being *to the class,* the right of survivorship in the absence of the statute, is exactly the same as the right of survivorship in the case of a joint tenancy.

The following passage from 40 Cyc. 1930, is cited as announcing a contrary rule:

"Where under the will the donees are to take as *joint-tenants, or as a class,* there is no lapse from the death of one or more, but the entire gift goes to the survivor or survivors."

That states the rule that obtains at common law in the absence of a statute such as Section 516. That same volume, p. 1936 et seq., discusses the effect of a statute such as ours, showing that it is given full effect.

That passage, it must be noted, makes no distinction between a devise to tenants in common, as a class, and a devise to joint tenants.

It is argued that to give effect to the statute would convert a joint tenancy into a tenancy in common. That would not follow. There could be no joint tenancy unless the statute is applied to the case; the intention of the testatrix to create a joint tenancy would fail.

The matter is treated by appellant's counsel as if William F. Bollam took the whole title by the right of survivorship, just as the law operates upon a joint tenancy fully vested. It is assumed that William, as the survivor of George, took the interest of George. Before one of two joint tenants, by right of survivorship, can take the estate of the other, there must be a joint tenancy in the two with *title fully vested,* and the other must die *after* such vesting of the title. William could not take an interest which George did not have. No title as joint tenant, or otherwise, was ever vested in George. When he died the title was in the testatrix.

It is a matter of testamentary construction. What was the intention of the testator? It is argued that the will showed the testator intended the survivor of the two devisees should take the whole estate. The will does not say so, and that conclusion is arrived at by a legal inference from the use of the words "joint tenants." The testatrix is presumed to have intended the legal effect of the language used. She is not presumed to have intended

any other effect than what the words actually implied. This on the theory that the testatrix is presumed to know the law. When she provided that her two sons should be joint tenants she is presumed to have known that they could not be joint tenants unless both survived her, and that one could not take the title of the other as survivor until the other had a vested title. She made no provision for the disposition of the estate in case one of the sons should die before she died, but the statute made such provision and *she is presumed to have known the statute.*

Suppose the testatrix had made the further provision that, in case of George's death before her own death, the interest of George should go to his daughter, the plaintiff, as joint tenant with William. Is there any doubt that the intention thus expressed would be given effect? In that case the will would simply have provided for a contingent or a substitute joint tenant to take in case George should die.

Suppose the will had been more general and had provided that, in case of the death of either George or William before the death of the testatrix, the descendants of such deceased should take the estate devised to him as joint tenants with the other son; would that expressed intention be given effect? If not, why not? It would not convert a joint tenancy into a tenancy in common. It would provide for contingent joint tenants.

That is precisely what the statute provides. The testatrix is presumed, not only to know the statute, but to have written her will with the statute in view. It is written as if the statute were incorporated in it as a part of it. To quote 40 Cyc. p. 1939: "But it must be presumed that the testator made the will in view of the statute and *that he intended to have* the statute prevail, unless the contrary appears." There are numerous cases of like effect.

Suppose both George and William had died before the testatrix, what would have become of the estate devised to them if the statute could not be given effect?

As said above, it is a matter of testamentary construction. Under the common law rule, as numerous cases show, where the devise is to a class, as tenants in common, or to joint tenants, it is presumed that the testator intended the survivor or survivors of the class, or of the joint tenants, should take the whole estate, although death occurred before any title could vest in any one. It was an attempt to solve the intention of the testator. The rule in attempting to solve that intention applies alike to an attempt to create a joint tenancy which is defeated by death, as well as an attempt to create a tenancy in common in a class which is defeated by death. The rule does not apply to an ordinary tenancy in common, but only to a devise to a class.

Those cases in which there is a devise to tenants in common as a class, such as "to the children of A," almost universally hold that where one of the class dies before the testator, the statute, such as we have here, prevents the operation of the common-law rule of construction by vesting the title of the deceased in his descendants. The same reasoning and the same rule would apply to a devise to joint tenants. It only happens that the cases in respect to devises to tenants in common, as a class, are numerous, while a case is hard to find where the matter arose in respect to a devise to joint tenants. We have been unable to find any case where the courts have construed the statute so as to make any distinction between the effect of devises to joint tenants and tenants in common as a class, or any case where the application of the statute has been denied in an attempt to create a joint tenancy by will.

A case of a joint tenancy arose in West Virginia, and the statute, very similar to ours, was applied. [Hoke v. Hoke, 12 W. Va. 427.] The case is very elaborate and reviews the authorities. The opinion, quoting from a text-book on Executors, says, l. c. 471: "The clause of the statute of wills now under consideration, presents a question wholly different from the matters relating to survivorship. *The issue of the pre-deceased joint-tenant*

302 Mo. Sup.—32.

will take the estate as that devisee or legatee would have done. *By this statutory substitution, the issue becomes entitled to* the estate. *His title is the same as if the will had expressly given the estate to him* substantially *for the deceased devisee or legatee.*" (Italics ours).

It is said that the purpose of the statute is to prevent a lapse of legacies. It is true that was one of the purposes of the statute, but the language shows that the legislative intention was broader than that. It was said in the Hoke Case, l. c. 470:

"True, it was intended to prevent the lapsing of legacies in certain cases, but in my judgment, it was intended in part to modify the said common law rule, so that if a devise is to two persons jointly, when one of the devisees or legatees dies before the testator, leaving issue who survived the testator, such issue of the predeceased devisee or legatee shall take the estate as that devisee or legatee would have done if he had survived the testator unless a different disposition thereof be made or required by the will."

That the statute means more than the mere purpose of preventing the lapse of a legacy is shown by its language. Section 516 provides: "When *any estate* shall be devised . . . such descendant shall take the estate, real or personal, as such devisee would have done in case he had survived the testator."

"Any estate" would include estates by joint tenancy as well as any other. Certainly the devise to George Bollam would be included in the term "any estate." The testatrix is presumed to have had this statute before her when she wrote her will, to have known its effect, that it must apply to "*any estate,*" and that the statute should be read into the will as a part of it. We see no escape from the conclusion that the statute should be applied to this case. Several cases which are in point construing such a statute and holding that the testators must have written with the statute in view, some of them reviewing many cases, are as follows: Strong v. Smith, 84 Mich. 567; Rudolph v. Rudolph, 207 Ill. 266; Nicholson v. Nicholson,

115 Iowa, 493; Wooley v. Paxson, 46 Ohio St. 307; Thompson v. Myers, 95 Ky. 597.

The testatrix intended to create a joint tenancy in George and William. That purpose was defeated by the death of George. The statute provides for a substitute joint tenant with William. That reason for the statute is mentioned in many cases, among them the case of McKellar, Administrator, 114 Me. 421, where the court said, at page 423: "The purpose and effect of the statute seems clear. It preserves such a devise from lapsing by substituting in place of the deceased devisee his lineal descendants. By force of the statute they take under the will in his place, and they take the same estate he would have taken thereunder."

Section 516, Revised Statutes 1919, undoubtedly was designed to reach just such cases as this. The judgment is affirmed. *James T. Blair, Graves* and *Ragland, JJ.,* concur; *Walker, J.,* dissents, in a separate opinion, in which *David E. Blair, J.,* concurs; *Woodson, C. J., dubitante.*

WALKER, J. (dissenting).—I do not concur in the conclusion reached in the majority opinion as to the construction sought to be given to and the application made of Section 516, Revised Statutes 1919. That section is in effect, that, upon a devise to a child, grandchild or other relative who shall die before the testator, leaving lineal descendants, the latter shall take the estate, real and personal, as such devisee would have done had he survived the testator.

Statutes of like effect appear in the laws of many other states. In Missouri the enactment dates from the year 1825 (Sec. 21, p. 795, R. S. 1825) and has been continued through successive revisions to the present time. Any doubt as to the proper application of this statute is dissipated when the reason for its enactment is ascertained. Under the Common Law a devise to two or more persons became, upon their survival of the testator, a tenancy in common. Upon the death of either

before that of the testator the interest of the one dying lapsed. The reason therefor is obvious. Until the testator died no interest devised could ● become vested. When this occurred the devisee being dead and having no capacity to take could not be invested with an interest which theretofore existed only in expectancy, capable of ripening into a tangible right, so far as the devisee was concerned, if he was in being when the tenancy became otherwise operative. To obviate, therefore, the possibility of intestacy and to enable his lineal descendants to take his interest, Section 516, supra, was enacted and for no other purpose. That this section cannot, in reason, be made applicable to joint tenants is rendered evident upon a consideration of the nature of that tenancy. Except as to the requirement that the tenancy shall be created by express terms in the grant or devise (Sec. 2273, R. S. 1919) it in no wise differs from the tenancy as created at Common Law. In fact we said in passing in Johnston v. Johnston, 173 Mo. l. c. 108, that ''when lawfully created, it is presumed the Common Law incidents belonging to that tenancy follow.''

The principal incident or, as more applicable to this controversy, the chief attribute of the tenancy, is survivorship, by which the entire estate upon the decease of any joint tenant remains in the survivor and finally in the last survivor. Under this tenancy, therefore, there can be no lapse, as the entire estate vests in the survivor upon the death of the testator. The entire estate devised having become vested nothing remains, as in a tenancy in common, to create a lapse as at common law, or under Section 516, to authorize a taking of the interest of the predeceased devisee by his lineal descendants.

It is a truism applicable in logic as in law that out of nothing nothing can come. To sustain the conclusion, therefore, that Section 516 is applicable in the construction of a devise to joint tenants, it is necessary to hold that a devisee who predeceased a testator took some tangible interest in the estate before the death

of the latter, and as a consequence that the entire estate did not vest in the surviving devisees upon the testator's death. In short that the effect of Section 516 under circumstances as at bar, destroys the right of survivorship. A somewhat careful review of the cases here and elsewhere discloses no instance in which a statute identical with or similar in material particulars to Section 516 has been applied in the interpretation of a grant or devise creating a joint tenancy.

In Guitar v. Gordon, 17 Mo. 408, the interests involved in the will under review were those of tenants in common.

In Jamison v. Bell, 46 Mo. 546, no semblance of a fact is found from which it can be concluded that a joint tenancy was in any wise involved in the determination of the matter at issue. Throughout the entire discussion of this case in an able opinion by Judge WAGNER, it is clearly indicated that the will construed created tenancies in common.

A like rule is applicable in the construction of the section in the following cases: Dillinger v. Kelley, 84 Mo. 561; Rodney v. Landau, 104 Mo. 251; Bramell v. Adams, 146 Mo. 70; Lemmons v. Reynolds, 170 Mo. 227; Romjue v. Randolph, 166 Mo. App. 87; Peak v. Peak, 195 S. W. (Mo.) 993; Rauch v. Metz, 212 S. W. (Mo.) 353, 358.

As a further argument in favor of the right of the respondent to a share in this devise, it is alleged in the majority opinion that under Section 516 she takes as a joint tenant with her uncle, William Bollam, "just as her father, George Bollam, would have taken had he survived the testatrix." The logical effect of this argument is that by engrafting Section 516 upon the section (2273) authorizing the creation of a joint tenancy, the latter is transformed into a tenancy in common. This reasoning seeks to give to Section 516 a substitutionary and creative effect not in harmony, as we have demonstrated, with the object and purpose of its enactment. However,

the fallacy of the argument may be rendered apparent when viewed from other coigns of vantage. A joint tenancy can only be created by the act of the parties, never by descent or by legislative enactment. Laws either with or without limitations may sanction the existence of joint tenancies, but their creation, even in expectancy, can only be by a grant or devise which, upon becoming operative, must, by the very nature of the tenancy, be limited to those named therein. If not thus limited, it ceases to be certain, and ceasing to be certain it can no longer exist. Certainty as an essential in the creation of a tenancy is axiomatic in our system of tenures from Littleton to the latest treatises and judicial utterances. The terms of the devise under review lacks nothing in certainty in either the character of the tenancy or the parties who are to take thereunder. To sustain the argument therefore of the respondent's right to take she must be substituted for one of the original takers; not by an express statute authorizing the same, but by an enactment (Section 516) the letter of which does not indicate, nor its context warrant, the conclusion that it was intended to authorize the substitution of others for the original parties to a joint tenancy.

Furthermore, if it be conceded, as it must be under the terms of the will, that a joint tenancy was therein created, it can be severed only in one of the ways recognized by law, viz: Either (1) by the act of one of the tenants; or (2) by mutual agreement; or (3) by a course of dealing between them by which their respective interests are treated as constituting a tenancy in common; or (4) by a proceeding against one of them producing an involuntary alienation of his title. [Freeman on Cotenancy (2 Ed.) sec. 29, p. 86 and notes.] No semblance of either of these ways of severance appears in this case. The further reasoning, that no title vested in George Bollam, who predeceased the testatrix, is beyond question. Unless, however, the death of George Bollam destroyed the tenancy, upon his death the right of survivorship in expectancy was in William Bollam and became operative

upon the death of the testatrix. If this be not true there was no joint tenancy created by the will and the respondent took, if at all, by descent. Such a conclusion flies in the face of the oft repeated maxim that the testator's intention is the lodestar by which the courts are to be guided in determining the meaning of a will.

It is difficult to determine from the language employed in the majority opinion what is meant by the statement to the effect that ''in the devolution of an estate as determined by a will there is no distinction between a joint tenancy and tenancy in common, where in the latter case the devise is to a class.'' If it is meant by this statement that a devise creating a joint tenancy is in no wise different from one creating a tenancy in common then without wasting words in argument it will be sufficient to say that the statement carries its own refutation on its face.

Although the opinion seems to hold otherwise the same distinctive differences, as we have stated, still exist under our statute as at Common Law between a joint tenancy and one in common, provided of course, the former has been created as required by statute regardless of whether the devise be to a class or to individuals. It may be stated incidentally, although not necessary to the determination of the particular question here under consideration, that it has been held elsewhere that, prima-facie, joint legatees take as a class; otherwise, where the legacy is given to them as tenants in common. All these rules yield, however, to the manifest intention of the testator. [Bolles v. Smith, 39 Conn. 217; 3 Woerner's Am. Law Admstn., p. 1467 and notes.] This aside, however,. as the statement of the majority opinion concerning a devise to a class, in view of our statute and the rulings of this court, offers no tenable solution to the matter at issue. In a well considered case by MARSHALL, J., Lemmons v. Reynolds, 170 Mo. l. c. 233, it is said in defining the distinction between a devise and a grant that: ''It ought also to be observed that in Arthur v. Weston, 22 Mo. 378, a supposed difference in the rule in cases of a devise of real

property, from the rule that obtained as to a grant of real property, because a grant was a conveyance *inter vivos*, was suggested, and that in Hall v. Stephens, 65 Mo. 670, it was said that a liberal construction was adopted in case of a will because it was supposed to be drawn '*inops consilii.*' But both cases failed to note that while such reasons and rules obtained at common law, no such thing is now possible, but that deeds and wills in such matters are placed by the statute of this State upon exactly the same footing, and the *common-law rule in reference to the right of survivorship by a member of a class to the whole property granted or devised to individuals as members of a class is expressly abolished,* and that under the statute every grant or devise of real estate to two or more persons—executors, trustees and husband and wife excepted —is declared to create a tenancy in common and not a joint tenancy *unless expressly declared in such grant or devise to be a joint tenancy.* [R. S. 1899, sec. 4600, now Sec. 2273, R. S. 1919.] This provision of the law has been on the statute books of this State in its present shape ever since 1865. [G. S. 1865, p. 443, sec. 12.] And with the exception of the provision as to husband and wife has been a part of the law of this State ever since 1835." (Italics ours).

The ruling in Hoke v. Hoke, 12 W. Va. 427, quoted in the majority opinion, cannot properly be invoked to sustain the conclusions therein reached concerning the rights of the respondent. The statute of West Virginia, instead of being general, as is Section 516 of our law, and having for its obvious purpose the prevention alone of a lapse in tenancies in common, is by its terms also made especially applicable to joint tenancies. Note its language:

"If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have have done if he had survived the testator, unless a different disposition thereof be made or required by the will. And if the devise be made to two or more persons jointly, and one or more of them die without is-

sue, the part of the estate so devised to him shall not go
to the other joint devisees, but shall descend and pass to
the heirs-at-law of the testator, as if he had died intestate,
unless the will otherwise provide." [Sec. 3877, Code
W. Va. 1913, p. 1698.]

The following additional cases are cited in the ma-
jority opinion to sustain the conclusion reached therein.
A review of same will determine their relevancy.

In Strong v. Smith, 84 Mich. 567, the statute con-
strued has no reference to joint tenancy. The facts dis-
closed are that the devise created a tenancy in common,
and that the prevention of a lapse was the purpose of the
statute.

The construction of a similar statute is found in
Rudolph v. Rudolph, 207 Ill. 266, where it is said in effect
that the statute under review was for the prevention of a
lapse.

In Downing v. Nicholson, 115 Iowa, 493, the purpose
of the statute is defined to be to prevent a lapse where a
devisee died before the death of the testator. The rea-
soning and conclusion in this case do not indicate other
than a determination of the rights of the parties as ten-
ants in common.

There is nothing in Thompson v. Myers, 95 Ky. 597,
which even by implication can be said to have a bearing
on the question at bar. It was simply held that where a
devisee dies before the testator the issue of the former
will take directly under the will and not as heirs-at-law.

In Wooley v. Paxson, 46 Ohio St. 307, there is noth-
ing to indicate that the statute construed has any ref-
erence to joint tenancies.

In McKellar, Administratrix, 114 Me. 421, there was
a gift by will of a small amount of money to a legatee who
died before the testatrix, and it was held under a statute
similar to that in the instant case that the children of the
deceased legatee would take directly through the will and
not through the estate of the deceased legatee. The court
in reviewing the statute says that, "its purpose and effect
is clear in that it preserves a devise from lapse by sub-

stituting in place of the deceased devisee his lineal descendants.'' From this as well as the other cases cited it will be seen that the statutes construed have reference to tenancies in common, as no lapse could occur in a joint tenancy. From the foregoing the conclusion is inevitable that these cases cannot be properly cited to sustain the conclusion sought to be made in the majority opinion.

An examination of the statutes and rulings thereon in other jurisdictions discloses that some seven or eight states have statutes alike in their material features to that of West Virginia; and in these it is held that the right of survivorship in joint tenancies is abolished; in twenty-three or twenty-four other states having statutes similar to, and in some instances identical with, Section 516, no ruling to this effect is to be found, but on the contrary where the existence of joint tenancy is authorized the statutes are limited in their application to tenancies in common.

Measured, therefore, by principles as old as the Law of Tenures and by precedents as recent as the current utterances of courts of last resort, the conclusion reached in the majority opinion is erroneous, and this case should be reversed and remanded with directions to the circuit court to enter a judgment for the appellant.