MILLARD C. HOLLOWAY ET AL. V. SARAH P. BURKE ET AL., Appellants.
—79 S. W. (2d) 104.

Court en Banc, February 7, 1935.

*Wm. A. Craven* and *Harris L. Moore* for appellants.

382

*George W. Crowley* and *Lavelock, Kirkpatrick, Clark & Garner* for respondents.

WESTHUES, C.—Appellants appealed from a judgment and decree in partition entered in the Circuit Court of Ray County, Missouri. Respondents in their petition alleged that they were the owners of certain interests in the lands sought to be partitioned. Appellants filed a demurrer alleging that the petition, upon its face, disclosed that respondents had no interests in the lands. This demurrer was overruled by the trial court. Appellants declined to plead further and judgment was entered ordering the land to be sold and the proceeds to be divided according to the prayer of the petition.

The controversy arose over the meaning and effect of the last will and testament of Albert B. Wood, deceased, which reads as follows:

"LAST WILL AND TESTAMENT OF ALBERT WOOD:

"I, Albert Wood, of the County of Ray and State of Missouri, aged 59 years, being of sound mind, do make and publish this my last will and testament as follows:

"1st. All my debts, which are inconsiderable, together with nurse, doctor bills and burial expenses and tombstones, I wish first to be paid out of my estate.

"2nd. I give and bequeath to each of the heirs of my half brother, Allen Wood, deceased, the sum of one dollar.

"3rd. I give and bequeath to each of the heirs of my half sister, Fannie Holloway, deceased, the sum of one dollar.

"4th. I give and bequeath to each of the heirs of my half brother, William Wood, deceased, the sum of one dollar.

"5th. I give and bequeath all the residue and remainder of my estate to my full brothers and sisters, to-wit: Ashby Wood, Benjamin Wood, Dyott Wood, *Mary E. Runion* and Sarah P. Burke, *and their heirs,* to be proportioned as I may hereafter decide.

"6th. I hereby appoint John Burke as my executor.

"Dated this 4th day of April, 1919.

"Albert B. Wood." (Italics ours.)

For the purpose of this case we take the allegations of the petition as true because appellants, by their demurrer, admitted the truth

of all facts well pleaded. The petition alleged that Mary E. Runion died single and unmarried prior to the death of the testator. The petition recited the names of the heirs at law of Mary E. Runion of which there were many in number and they need not be mentioned here except to be referred to as her legal heirs.

The contention of appellants, who were the surviving brothers and sisters mentioned in clause five of the will, was that by this clause the testator devised the residue and remainder of his estate to his full brothers and sisters as a class. It is, therefore, argued that since Mary E. Runion, mentioned in this clause, died prior to the testator's death without lineal descendants the then living brothers and sisters of the testator named in the fifth clause were entitled to all of the residue of the estate to the exclusion of the heirs at law of Mary E. Runion.

Respondents' contention, as stated in their argument, was as follows:

"Under the language of the fifth clause of the will, it is clear that the testator did not intend to create a joint tenancy, but a tenancy in common.

"The devise is not to a class, but to certain persons by name 'and their heirs.'

"This does not mean the joint heirs of all of them, but could only mean the heirs of each. In other words, it is the clear intention of the testator to convey an equal share to each and to the heirs of each and, therefore, upon the death of one the heirs of that one would take the share that the ancestor would have taken. However, under Section 3114, R. S., Mo. 1929, the question of testator's intent becomes a moot question, because. if he did not create a joint tenancy in express terms the statute makes it a tenancy in common. This would be true even though the testator actually intended a joint tenancy."

Lemmons v. Reynolds, 170 Mo. 227, 71 S. W. 135, and Philbert v. Campbell. 317 Mo. 556, 296 S. W. 1001, were cited in support of respondents' theory of the law.

The argument of respondents that under the fifth clause of the will the brothers and sisters of the testator took the residue of the estate as tenants in common and not as joint tenants is beside the point at issue. Neither does Section 3114, cited by respondents. render the intention of the testator a moot question. Section 3114 reads:

"Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife. shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

This section does not prohibit a testator from devising real estate to two or more persons as a class so that the survivors of the class.

at the death of the testator, take all of the property devised to the exclusion of the heirs of those of the class who may have predeceased the testator. In such a case those surviving of a class would of course, under this statute, take as tenants in common unless the testator in clear terms created a joint estate.

Respondents place much importance upon Section 3114 and argue that under the provisions of this section the brothers and sisters mentioned in the fifth clause were made tenants in common and that the right of survivorship did not apply as would be the case of a joint tenancy. It is true that under this section the brothers and sisters took the residue of the estate, *at the death of the testator,* as tenants in common. However, the brothers and sisters had no estate whatever until the testator's death, and having no title, they could not be tenants in common or joint tenants. In Lounden v. Bollam, 258 S. W. 440, 302 Mo. 490, this court en banc said:

"The matter is treated by appellant's counsel as if William F. Bollam took the whole title by the right of survivorship just as the law operates upon a joint tenancy fully vested. It is assumed that William, as the survivor of George, took the interest of George. Before one of two joint tenants by right of survivorship can take the estate of the other, there must be a joint tenancy in the two with title fully vested, and the other must die after such vesting of the title. William could not take an interest which George did not have. No title as joint tenant, or otherwise, was ever vested in George. When he died the title was in the testatrix."

Therefore, the sole question in this case is, did the testator intend, by clause five, to leave the residue of his estate to his full brothers and sisters as a class, or did he intend each to have only a one-fifth interest and in case of the death of one the share of such to go to his heirs? If the testator intended the residue to go to those named as a class then such of the class as survived the testator would take the whole of the residue as tenants in common. The fact that the survivors in such a case take the estate is not contrary to the provisions of Section 3114. The survivors would *derive title from the testator and not from each other.* If, on the other hand, the testator intended to limit the share of each to one-fifth and intended that should one die prior to the testator's death such share should go to the heirs of such decease then the surviving brothers and sisters and the heirs of the deceased brother or sister would take the title as tenants in common. At common law a devise to a person would lapse if such person died prior to the testator. The statute, Section 527, Revised Statutes 1929 (Mo. St. Ann., p. 321), changed this rule only in cases where a devise was made to a relative of the testator and such relative died, prior to the testator, leaving lineal descendants. In such a case the lineal descendants take the share of their ancestor, the deceased devisee, because of the section of the statute mentioned. [Snow

v. Ferril, 320 Mo. 543, 8 S. W. (2d) 1008, l. c. 1017 (8).] A devise, such as the testator in this case made in clause five, has been generally construed to be a devise to a class, meaning that those of the class living at the time of the death of the testator are entitled to the whole devise. [40 Cyc. 1930 (b); Swallow v. Swallow, 166 Mass. 241, 44 N. E. 132; Stolle v. Stolle, 66 S. W. (2d) 912, l. c. 913, 914 (11); Zombro v. Moffett, 329 Mo. 137, 44 S. W. (2d) 149, l. c. 152 (4, 5); Crecelius v. Horst, 78 Mo. 566, affirming 9 Mo. App. 51; Lounden v. Bollam, 302 Mo. 490, 258 S. W. 440.]

Taking into consideration the second, third and fourth clauses of the will it is clear that the testator, by clause five, intended that his full brothers and sisters should have the residue, which in this case was the bulk of the estate. We construe the bequest to be one to a class and, therefore, those of the class living at the time of the testator's death were entitled to the residue. The death of Mary E. Runion did not cause a legacy to lapse. Her death increased the share of the residuary legatees. [Magnuson v. Magnuson, 197 Ill. 496. 64 N. E. 371; Crecelius v. Horst, supra; Gordon v. Jackson, 58 N. J. Eq. 166, 43 Atl. 98.]

The case of Lemmons v. Reynolds, supra, cited by respondents, overruled the case of Crecelius v. Horst, supra. The opinion in the Lemmons case also holds that the statute, now Section 3114, supra, rendered it impossible for a testator to devise land to a class so that the survivors of the class could take the whole devise. That rule of law is only partially correct. It is true that after the title has vested in the class then the right of survivorship does not exist as in the case of joint tenants. But the rule does not apply to the class prior to the vesting of a title or prior to the death of the testator. A devise to two or more persons as a class, in which case those of the class living at the death of the testator take the whole devise, unless the provisions of Section 527, supra, apply, is not repugnant to the provisions of Section 3114, supra. We believe the reasoning in the opinion of the Lemmons case to be unsound. We, therefore, hereby overrule that case in so far as it holds that the survivors of a class, at the death of the testator, to whom land has been devised cannot take the whole devise as tenants in common. In Philbert v. Campbell, supra, the Lemmons case was approved and the opinion seems to be authority for the rule announced in the Lemmons case that the survivors of a class cannot take the part of those of the class who may have predeceased the testator. The opinion holds that to be the rule because of Section 3114. In so far as the opinion in the Philbert case approves such a rule it is hereby overruled. The correct doctrine was announced in the case of Crecelius v. Horst, supra, and has been approved by this court in later cases which are cited above. Those cases hold that it is the court's duty to ascertain the intention of the testator and when that intention has been ar-

rived at it must be given effect. If the testator has not declared the devise to two or more persons to be a joint estate then under the provisions of Section 3114 they take as tenants in common or as joint tenants according to the term of the statute. The intention of the testator should always control unless it is contrary to the law.

We, therefore, hold that the testator in this case, by clause five of the will, devised the residue of his property to his full brothers and sisters as a class. One of the sisters died prior to the testator without leaving any lineal descendants. She, therefore, passed out of the picture, as was said in Stolle v. Stolle, 66 S. W. (2d) 912, 1. c. 914:

"There is no doubt but that, had he left descendants, then such descendants would, under Section 527, R. S. 1929 (Mo. St. Ann., Sec. 527, p. 321), have taken the estate which Conrad Stolle would have taken had he survived the testator. *As it is, he drops out of the picture and his share swells the residuary estate.*" (Italics ours.)

The trial court was, therefore, in error when it refused to sustain the appellants' demurrer to the petition. The judgment is reversed with directions to the circuit court to dismiss respondents' petition.

PER CURIAM:—The foregoing opinion by WESTHUES, C., in Division Two, is adopted as the opinion of the Court en Banc. All **concur.**