PHEBE FREEMAN *vs.* JAMES J. SCOFIELD and others.

1. Where a mortgage is given or assigned for the payment of a debt due to two or more jointly, on a bill to foreclose filed by the surviving obligee, the executor of a deceased co-obligee need not necessarily be joined as a *complainant.*

2. When there are conflicting claims between the parties in interest in the mortgage debt, the surviving obligee may file the bill in his own name, and make the executor of the deceased co-obligee a defendant.

3. Whether the executor of a deceased co-obligee should be joined with the surviving obligee as complainant, or be made a party defendant to the suit, is a question of *form,* and should be raised upon *demurrer.*

4. Objections to pleadings which involve no substantial interest, are not allowed upon the final hearing.

*T. Little,* for complainant.

*Chandler,* for defendants.

THE CHANCELLOR. The bill is filed to foreclose a mortgage given by the defendant to Ira C. Whitehead, executor, and by him him assigned to Phebe Freeman and Mary Ann Freeman. Mary Ann Freeman died testate before the filing of the bill. Phebe Freeman, the surviving assignee, filed the bill in her own name, claiming to be entitled to one half of the mortgage debt in her own right, and to the balance as trustee for the estate of the deceased assignee. The defend-

ant, by his answer, admits all the material charges of the bill, but insists that the executor of the deceased assignee should have been joined in the bill as a complainant. The executor is made a defendant and a decree *pro confesso* is taken against him.

The assignment, as stated in the bill, purports to have been made to the assignees jointly. They had a joint interest in the mortgage debt, and occupy the same position as to their rights that they would have done had the bond and mortgage been made to them jointly.

The rule is well settled that when one of two or more obligees or others, having a joint legal interest in the contract, dies, the action at law must be brought in the name of the survivor, and the executor of the deceased obligee must not be joined. Nor can he sue separately, for the entire legal interest survives. The executor must resort to a court of equity to obtain from the survivor the testator's share of the sum recovered. 1 *Chitty's Pl.* (*ed.* 1837) 21; *Broom on Parties,* 8 *C*; *Anderson* v. *Martindale,* 1 *East* 497.

The survivor is entitled to the possession of the joint securities, and her receipt will be a valid discharge for the debt. Nor will a court of equity, where there are several joint securities in the hands of the survivor, appoint a receiver to collect and divide the joint fund in the proportions to which the parties are entitled, nor compel an apportionment of the securities between them. *Penn* v. *Butler,* 4 *Dall.* 354; *Wallace* v. *Fitzsimmons,* 1 *Dall.* 250.

And the principle applies whether the beneficial interest of the joint obligees in the fund be equal or unequal, and even though the entire beneficial interest was in the deceased obligee.

The legitimate inference from the statements of the bill, which are not denied, is, that the right of possession and legal ownership of the securities is in the complainant, and that the beneficial interest in one half of the fund is also in her. She holds one moiety of the fund in her own right,

C *

and the other moiety as trustee for the estate of the deceased co-obligee.

It is one entire debt, and must be recovered either at law or in equity by one suit, and not in separate portions. In cases of joint claims or obligations, all persons having a community of interest in the claims or liabilities and who may be affected by the decree, are to be made parties. *Story's Eq. Pl.*, § 159, § 169.

So also both the trustees and *cestui que trust*, as a general rule, are necessary parties. *Story's Eq. Pl.*, § 193, § 207.

The object of the rule is to have all the parties in interest before the court, that the decree may be final and conclusive upon them, and afford adequate protection to the party required to perform the decree.

Ordinarily all parties interested in obtaining a decree are joined as complainants, but not necessarily so. The *cestui que trust* may refuse to join, or have some interest adverse to the claim of the complainant. In the present case the executor might have alleged that the testator was beneficially interested in the securities to a larger amount than is admitted by the complainant. Under these or similar circumstances, the surviving obligee must file the bill in her own name, making the executor of the deceased co-obligee a defendant. If any such reason were suggested by the bill, the bill would be free from exception.

It would perhaps have been more in accordance with the practice of the court, had the survivor and the executor of the deceased obligee united as complainants in the suit. But it is a mere question of practice, and the course adopted affects, prejudicially, no substantial interest. The necessary parties are all before the court. A valid decree may be made which will effectually protect the defendant and be final and conclusive upon all parties interested.

If there be anything whatever in the objection, it is purely a question of form, and should have been raised upon a demurrer. Objections to pleadings which involve no substantial interest, are not allowed upon a final hearing.

The complainant is entitled to a decree.