Trades Savings Bank *v.* Freese.

THE TRADES SAVINGS BANK *vs.* FREESE and others.

1. There can be no foreclosure unless all the parties entitled to the mortgage money are before the court.

2. To a suit to foreclose a mortgage given to A and his wife, jointly, brought by the holder of the mortgage, under assignment from A's executor, in which the widow did not join, the widow is a necessary party defendant.

On demurrer to bill to foreclose.

*Mr. B. Gummere,* for the demurrer.

*Mr. F. Kingman,* contra.

THE CHANCELLOR.

The bill is filed for foreclosure and sale of mortgaged premises in the city of Trenton. The mortgage was made by Jacob R. Freese to Isaac Freese and Hannah Freese, to secure the payment of $10,000, with interest, according to the condition of his bond to them, of the same date with the mortgage. The bill states that Isaac Freese subsequently died, and that his executors assigned the mortgage to one Edward B. Newbern, by whom it was assigned to the complainants. It further states that the bond and mortgage were originally given to Isaac Freese to secure the return, by the mortgagor, to him, of certain municipal bonds loaned by him to the former, and that on the mortgagor's failure to return the bonds, it was agreed between them that the bond and mortgage should stand as security for $10,000 (which was agreed to be the value of the bonds), as a loan, with interest. It further alleges that the bonds were the sole property of Isaac Freese, and that Hannah Freese had no interest therein, nor in the bond and mortgage, except such as she derived under the will of Isaac Freese, whose wife she was, and whom she survived; and it claims that, therefore, the executors had full power to assign the bond and mortgage to Newbern, and to dispose of the proceeds of the assignment according to the provisions of the will. The defendant, Jacob R. Freese, demurs, on the ground that Hannah Freese is a necessary party. The grounds on which the complainants claim that the executors had power to assign the interest of both mortgagees are, that one or two, or more, joint mortgagees, may assign the interest of both or all, without the concurrence or knowledge of the other or others, and that such assignment will convey a full and complete title to the mortgage and the money secured by it, to the assignee. The cases cited in support of this proposition, are cases in which the mortgage, or other *choses in action*, was made to or held by the members of a commercial firm, and was the property of the copartnership, and was asssigned and delivered over, accordingly, by one or more members of the firm, in the name and

on behalf of the copartnership. Such assignments derive their validity under the law of partnerships, by which one partner is the representative of all; and on the like principle, assignments by one of two or more executors, of *choses in action*, which were the property of the testator, are good. *Coote on Mortgages* 511. But where the right of one of several mortgagees to represent all, does not exist, the assignment by him, without the concurrence of the others, cannot affect their interest. It is laid down as a rule in equity, that if two or more persons advance their own moneys on mortgage, whether in equal proportions or not, and the mortgage is limited to them so as to create a joint tenancy at law, they will, nevertheless, be considered, in equity, as tenants in common, and there will be no survivorship between them. *Coote on Mortgages* 163; *Story's Eq. Jur.*, § 1206. The consequence is, that if a mortgage be made to two or more persons, trustees, without notice of the trust on its face, so that they appear to have made the advances of their own moneys, and one of them die before the mortgage money is paid, the concurrence of the executor or administrator of the deceased morgtagee, is necessary in the discharge, if there be no provision to the contrary in the instrument. *Coote on Mortgages* 163. In *Vickers* v. *Cowell*, 1 *Beav.* 529, the court said that it was well established, that where money is advanced by several persons, jointly, on a security, though the right to it survives at law, yet the same rule does not prevail in equity. The cause was directed to stand over until the executors of a deceased mortgagee should have been made parties. The surviving mortgagee was a party. See *Fisher on Mortgages* 209, 212. In *Freeman* v. *Scofield*, 1 *C. E. Green* 28, it was held, however, that in such case, the survivor alone may sue in equity, as he must at law. The suit, in that case, was by the survivor of two mortgagees. The executor of the deceased mortgagee had not been made a party. The objection for want of parties was not made until the final hearing. The necessity of making the executor of a deceased mortgagee a party to a

bill filed by the survivor, under some circumstances, was recognized in that case, and it was said that it would, perhaps, have been more in accordance with the practice of the court, if the survivor and the executor of the deceased mortgagee had joined, as complainants. That case does not rule the present one. Here, the right to assign the entire interest is not claimed on the ground of survivorship. Hannah Freese survived her husband.

The debt, according to the mortgage, is a joint one; and in cases of joint debts or claims, all persons having a community of interest in the claims or liabilities, and who may be affected by the decree, are to be made parties. *Story's Eq. Pl.*, §§ 159, 169. All persons whose interests are involved in the issue, and who must necessarily be affected by the decree, are necessary parties. *Pence* v. *Pence*, 2 *Beas.* 257 ; *Story's Eq. Pl.*, § 72. Hannah Freese is therefore a necessary party to the suit. Her right to an interest in the debt is denied by the bill, not on the ground of any alleged transfer or extinguishment of her apparent interest, but on the ground that she never had any beneficial interest. Under these circumstances, it was the duty of the complainants, who claim adversely to her, to have made her a party defendant. *Freeman* v. *Scofield, supra.* The rule is, that there can be no foreclosure unless all the parties entitled to the mortgage money are before the court. *Story's Eq. Pl.*, § 201 ; 1 *Dan. Ch. Pr.* 211.

The demurrer will be sustained.