The Mutual Life Insurance Company of New York

*v.*

Joseph H. Sturges and others.

1. A decree by confession, regularly obtained, will be opened, even after enrollment, for the purpose of giving a defendant an opportunity to make his defence, where such defence is meritorious, and he has not been heard in relation to it, either through mistake, accident or surprise.

2. Such relief may be given upon petition.

3. A decree based upon the default of the defendant, must be such a decree as is equitable and just upon the facts stated in the bill.

4. A complainant, in order to lay a proper foundation for relief, must state his right, title or claim with such accuracy and clearness that the defendant may be distinctly informed of the nature of the case which he is called upon to answer.

Mutual Life Ins. Co. v. Sturges.

5. Upon the death of one of two mortgagees, the legal ownership of a mortgage made to them vests in the survivor, exclusively, and he alone is entitled to its possession, and to sue for and receive the money due upon it. He is entitled to one-half the money due upon it in his own right, and he takes the other half as trustee for the representatives of his deceased co-obligee.

On application to set aside sale and final decree, in order that a new party may be added, and the defendants let in to defend. Heard on petition, order to show cause and depositions.

*Mr. Theodore Little,* for petitioners.

*Mr. H. C. Pitney,* for complainants.

THE VICE-CHANCELLOR.

This is an application to set aside a final decree, and a sale made in enforcement of it, so that a new party may be added, and also that certain of the defendants may be allowed to answer, in order that they may dispute the right of the complainants to be adjudged the holders of the first lien, that being the rank given to them by the present decree. The grounds upon which the application is based are surprise and merits.

The undisputed facts material to the controversy may be stated as follows: On the 24th of February, 1869, Joseph H. Sturges made a mortgage, to secure $2,000, to Sturges & Co., a firm composed, as the mortgage states, of Thomas T. Sturges, sen., and James S. Sturges. The persons actually composing the firm of Sturges & Co., at the date of the mortgage, were Thomas T. Sturges, sen., James S. Sturges, Thomas T. Sturges, jun., and Peter D. Sturges, but the debt for which it was given was contracted when the firm consisted of the two persons first named. Some months after the mortgage was given, Thomas T., sen., withdrew from the firm, and the business was continued by the other

members, under the same name, until February, 1876, when they were adjudged bankrupts. Thomas T., sen., died July 17th, 1870, leaving a will, which has been admitted to probate in the state of New York, but not in this state. His widow, Susan, and his son, Thomas T., jun., were appointed executors, and have been made parties to this suit in their representative capacity. By his will the use of all the residue of his estate, after the payment of his debts, is given to his widow, for life, with remainder to his children.

Joseph H. Sturges, on the 21st day of May, 1875, executed a mortgage, on the same premises, to the complainants, to secure $3,500. On the day previous to the date of this mortgage (May 20th, 1875), Thomas T. Sturges, jun., by a letter written to the solicitor of the complainants, consented that the mortgage to be given to the complainants should have priority over that given in 1869 to Thomas T., sen. and James S. Sturges. This letter seems to have been written with the knowledge and approval of James S. Sturges. The consent given was a mere gratuitous one, nothing in the nature of a consideration having been given for it. Mrs. Susan Sturges, one of the executors of Thomas T. sen., and the chief beneficiary under his will, was not consulted respecting the arrangement to subordinate, and did not consent to it. Under a decree adjudging the complainants to be the holders of the first lien, the mortgaged premises have been sold to the complainants for a sum not sufficient to extinguish their debt.

There can be no doubt about the power of the court to give the relief asked, if the party seeking it has exhibited a proper case. The court will open a decree, regularly obtained by default, even after enrollment, for the purpose of giving a defendant an opportunity to make his defence, where such defence is meritorious, and he has not been heard in relation to it, either through mistake, accident or surprise. *Embury* v. *Bergamini, 9 C. E. Gr. 229; Day* v. *Allaire, 4 Stew. Eq. 315.* Such relief may be given upon petition. *Campbell* v. *Gardner, 3 Stock. 423.*

This is a struggle for position. The complainants' posi-
tion is fixed by a decree of this court, regularly obtained,
by the confession of the defendants, and they have a right
to hold it until their title to it is so far impugned as to
make it extremely doubtful whether they are entitled to it.
Against a defendant who has been regularly brought into
court in a legal method, and who has neglected either to
demur or answer within the time limited by law, the statute
authorizes a decree by confession to be entered, and after
that the court may, without further proof than that fur-
nished by his confession, make such decree against him as
to it shall seem equitable and just (*Rev. p. 109 § 28*). But
it must be such a decree as is equitable and just upon the
facts stated in the bill. *Brinkerhoff* v. *Franklin, 6 C. E.
Gr. 335.*

The first question, then, which presents itself is, Was the
court authorized, upon the facts stated in the bill in this
case, to subordinate the mortgage given to the Messrs.
Sturges to that of the complainants? It is an elementary
rule of equity pleading, that a complainant, in order to lay
a proper foundation for relief, must state his right, title or
claim with accuracy and clearness. There must be such
certainty in the averment of the title upon which his bill is
founded, that the defendant may be distinctly informed of
the nature of the case which he is called upon to answer.
*Story's Eq. Pl. § 241 ; Houghton* v. *Reynolds, 2 Hare 266.*

The averments of the bill, upon the point under consid-
eration, are, in substance, as follows: That just previous
to the execution of the mortgage to the complainants, and
for the purpose of inducing them to make a loan to the
mortgagor, Sturges & Co., or their survivors and legal rep-
resentatives, agreed to subordinate their mortgage to that
to be given to the complainants. The fact intended to
be averred is, that a contract to subordinate the first mort-
gage to the second was made. But who made it? Is it
possible to guess? The bill says it was made by one or
more of several persons, but who they were, or how they

obtained their authority, is not disclosed or averred. Who the legal representatives were, whether executors, administrators, assignees or agents, is not stated at all, and it only appears that there were survivors and legal representatives, by inference. It would be difficult to invent a form of expression more vicious for vagueness and uncertainty. The contract constitutes the very marrow of the complainants' case against the defendants now asking to be heard. Unless it was made by a person having authority to make it, the defendants are not bound by it. Indeed, there was no contract unless it was made by the mortgagees, or some person lawfully authorized to represent them. It is not alleged that the mortgagees made it, but either that they did or that some other person did; but who that other person was, the bill does not show. The obvious infirmity of this pleading is, that it does not show explicitly who made the contract attempted to be set up, and without that no contract is shown. Under a pleading in this form nothing is confessed by a default. The averments of the bill do not, in my judgment, warrant that part of the final decree which subordinates the defendants' mortgage to that of the complainants.

This is decisive against the decree and entitles the defendants to have it set aside, no matter what the proofs show. But I think the defendants have, also, a sufficient case on the proofs to entitle them to be heard. They are not bound to satisfy the court now that their defence will be successful, but simply that there is sufficient doubt respecting the justice of the present decree, to make the facts upon which the defence rests the fit subject of judicial investigation. *Day* v. *Allaire, 4 Stew. Eq. 317.* The question, whether the defence is entitled to prevail or not, cannot properly be determined until it has been exhibited by an appropriate pleading, and the parties have had an opportunity, according to the established method of procedure, to be heard upon it.

On the death of Thomas T. Sturges, sen., the legal owner-
ship of the mortgage vested in James S. Sturges exclu-
sively. He alone was entitled to its possession, and had
authority to sue upon it in his own name, and likewise
to receive the money due upon it and to give proper acquit-
tances. He was entitled to one-half the money due upon
it, in his own right, and he held the other half, as trustee,
for the representatives of his deceased co-obligee. *Freeman*
v. *Scofield, 1 C. E. Gr. 28*. But he could not maintain an
action to foreclose without making the representatives of
his co-obligee a party to his suit. *Trades Savings Bank* v.
*Freese, 11 C. E. Gr. 453*. He was a trustee as to one-half
the money, and, of course, subject to all the duties and obli-
gations incident to that relation. Now, if we state the case
most favorably for the complainants, and say that it is satis-
factorily shown that James S. Sturges made the contract to
subordinate, and that the terms of it were clearly under-
stood, so that no doubt exists as to the intention of the
parties, still, I think, a question is presented which it is
eminently proper should be carefully considered, after the
parties have had the usual opportunity to be heard upon it
by pleadings and proofs, and that no *ex parte*, unconsidered
judgment upon it should be held to conclude the defend-
ants. The arrangement has resulted in a total loss of
the mortgage debt. Looking at the consequences of the
arrangement, it was practically a release or surrender of
the security by the trustee without payment or other con-
sideration. The complainants acted with full knowledge
of the facts; the scheme was, in fact, an invention of their
legal adviser. Whether such an arrangement, made under
the circumstances stated, can be enforced against the bene-
ficiaries of the trust, is a question upon which the court
cannot refuse the defendants a hearing. The highest con-
siderations of justice demand that they should be heard.
As against the beneficiaries of the trust, the action of the
trustee was a fraud. If he was instigated to commit it by
the complainants, they are the principal wrong-doers, and,

in a court of conscience, cannot be permitted to retain the fruits of a fraud he committed by their procurement. Even extraordinary laches would scarcely be sufficient to withdraw such a transaction from judicial scrutiny.

With respect to Mrs. Susan Sturges, a clear case of surprise is shown. She knew nothing about the agreement to subordinate, at least nothing has been proved which will justify even an inference that she knew anything about it. She had a right, therefore, to assume that the mortgage in which she had an interest stood first in order of priority, and that it could not be dislodged from its superior position. She knew nothing which made it her duty to be either active or cautious.

The assignee in bankruptcy is a necessary party. Before this suit was brought he had succeeded to the rights of James S. Sturges in the mortgage, and even if it be conceded that the contract to subordinate must be held valid against him, he is the only person in whose favor a decree can properly be made for one moiety of the mortgage debt.

Viewed in either aspect, a sufficient case is presented to invite the action of the court. The defence is one that the court should not be slow to hear. The sale, and all proceedings subsequent to and including the decree *pro confesso*, must be set aside as against the parties asking relief. This order should be made upon terms. The defendants now asking the court to hear them, were duly notified of the suit. The costs incurred by the complainants, subsequent to the interlocutory decree, have resulted from the tardiness of the defendants in presenting their defence, and they should, therefore, be required to pay them as preliminary to their right to be heard.