CENTRAL TRUST COMPANY, complainant,

*v.*

MARY F. STREET, defendant.

[Decided September 28th, 1923.]

On appeal of Charles Foulon.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

"In *Aubry* v. *Schneider, 69 N. J. Eq. 629,* Vice-Chancellor Stevens fully committed this court to the view that under our statutes a tenancy by the entirety in personal property cannot be recognized. Adopting that view and basing his decision on that case, Vice-Chancellor Fielder expressly held that a mortgage to a husband and wife created a tenancy in common and not an estate by the entirety, and his decree was subsequently affirmed by our court of errors and appeals on the opinion of the vice-chancellor. *Flemming* v. *Iuliano, 92 N. J. Eq. 685.*

"In the present case it affirmatively appears that the mortgage here in question was not only made to the husband and wife, but also that it was a purchase-money mortgage given in part payment for the sale of real estate, the title to which was held by the husband and wife as tenants by the entirety. To regard this as a distinguishing feature from the two cases referred to is not only to disregard and essentially overrule the decisive view adopted by this court in the former case and apparently approved in the later case by our appellate court to the effect that our legislation has rendered it impossible to recognize the existence of an estate by the entirety in personal property, but also is to base either a right of survivorship or a sole ownership in one of the parties upon an ascertainment of the prior rights of the respective parties in the consideration on which the chattel interest is founded. The right of survivorship and the respective interests of the parties in an estate by the entirety in real estate are purely incidents of the estate and flow from the form of the deed, and are in no way dependent upon the manner of its creation. The estate created by the bond and mortgage here in question must be determined by the terms of the instruments in the absence of a decree of reformation of their terms. Under the decisions of this state already referred to the terms of these instruments constitute the parties tenants in common, and the administrator of the deceased wife has become entitled to one-half interest in these securities.

"A referenuce to the text and authorities cited in *13 R. C. L. 1105 et seq.* (§§ *128, 129*), discloses that the prevailing view in our sister states is contrary to the conclusions reached in the cases in this state; but this court is obviously bound by the decisions in this state hereinabove referred to.

"A decree will be advised in accordance with the views herein expressed."

*Mr. Cyrus D. Marter,* for the complainant.

*Mr. Harold W. Bennett* and *Mr. David R. Rose,* for the defendant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZEN-BACH, WHITE, HEPPENHEIMER, GARDNER, VAN BUSKIRK—12.

*For reversal*—None.