The bill is to foreclose a purchase-money mortgage given to Simon Steinhardt and Fannie Steinhardt, his wife, by the defendants Mary M. Schultz and Frank Schultz, her husband, on December 1st, 1924. Simon Steinhardt died testate on April 13th, 1929, and appointed the complainants his executors. Default in the payment of interest and municipal liens is alleged. One-half of the interest which fell due on June 1st, 1929, was paid to Fannie Steinhardt but no interest was paid to the complainants-executors. The bill *Page 193 
recites that Fannie Steinhardt refused to join in this suit and was, for this reason, made a party defendant. A decree proconfesso has been entered against her. The defense interposed by the mortgagors is that the complainants, as executors, are not entitled to foreclose because the mortgage was held by Simon Steinhardt and Fannie Steinhardt jointly; that the title to the mortgage and the right to foreclose it survived to her on the death of her husband, and that she only can institute foreclosure proceedings. Other defenses were interposed by the answer but not urged at the final hearing. It is conceded that the executors of the estate are entitled to a one-half interest in the mortgage.
In Freeman v. Scofield, 16 N.J. Eq. 28, the survivor of two joint mortgagees filed a bill to foreclose and did not join the executors of the deceased mortgagee. An objection for want of parties was interposed at the final hearing and it was held that as this objection was directed to a matter of form only, it should have been raised by demurrer, and that it was too late to interpose that objection on final hearing. Chancellor Green recognized the rule urged by the defendant here, stating that the survivor was entitled to the possession of the joint security and his reecipt would be a valid discharge for the debt.
In The Trades Savings Bank v. Freese, 26 N.J. Eq. 453, a bill to foreclose was filed by the holder of a mortgage to "A and his wife, jointly," under assignment from A's executors in which the widow did not join. It was held that the widow was a necessary party defendant and that there could be no foreclosure unless all the parties entitled to the mortgage money were before the court. Chancellor Runyon said that in equity joint mortgagees would be considered as tenants in common without the right of survivorship notwithstanding they might be joint tenants at law.
In Mutual Life Insurance Co. v. Sturges, 32 N.J. Eq. 678,
Vice-Chancellor Van Fleet held that upon the death of one of two joint mortgagees, the legal ownership of a mortgage vests in the survivor exclusively, and he alone is entitled *Page 194 
to its possession, and to sue for and receive the money due upon it; that he is entitled to one-half the money due upon it in his own right and takes the other half as trustee for the representatives of his deceased co-obligees. The decree of the court of chancery in that cause was reversed by the court of errors and appeals (33 N.J. Eq. 328) but no comment was there made on the rule stated by the vice-chancellor, the reversal being on other grounds. The question involved was one of postponement of the mortgage. The vice-chancellor held that the survivor, only, had consented, and that he could not postpone the mortgage without the consent of the executors of the deceased mortgagees. The court of errors and appeals held that both the survivor and the executor of the deceased mortgagees had consented and this finding resulted in the reversal.
Since the Married Women's act of 1852 there is no doubt but that a mortgage made to "A and B, his wife," created a tenancy in common in that mortgage, and that upon the death of one, his or her personal representatives succeed to a one-half interest in the security. Aubry v. Schneider, 69 N.J. Eq. 629; Flemming
v. Iulliano, 92 N.J. Eq. 685; and this is so even though the mortgage is a purchase-money mortgage given to secure a part of the purchase price of lands previously held by the mortgagees by the entireties. Central Trust Co. v. Street, 95 N.J. Eq. 278.
The estate created by the bond and mortgage must be determined by their terms. Ibid. See also the interesting article on this subject in 51 N.J.L.J. 5.
I have found no case in which the rule mentioned in Freeman
v. Scofield and Mutual Life Insurance Co. v. Sturges has been asserted since the decision in the latter case (1880), although in Aubry v. Schneider, supra, the rule was referred to by Vice-Chancellor Stevens, without comment, at page 630. InFreeman v. Scofield, 1 Chit. Pl. is cited as authority for the rule. A reference to that work (9th Am. Ed. 1851 pp. 18,19) shows the rule stated with this qualification: "But if the interests of the covenantees *Page 195 
were several, the executor of one of them may sue, though the other be living." And in The Trades Savings Bank v. Freese,supra, the assignee of the executors of a deceased mortgagee, the mortgage having been made to the decedent and his wife, was permitted to foreclose by making the surviving wife a party defendant. It is difficult to understand how the executors could have conferred the right to foreclose upon their assignee if they had not the right themselves.
In Thom. Mort. 241 it is said that "an action to foreclose may be maintained by any person who has an interest in the mortgage, though it cannot always be maintained by the person who has an interest in the proceeds of the mortgage. The test is as to whether the plaintiff has the right to give a valid acquittance to the mortgagor for the mortgage debt, or any part of it; or as to whether his acquittance would be necessary to perfect the discharge; and, in either case he may institute the foreclosure. If the person foreclosing has only a part interest in the mortgage, those who are interested with him should first be invited to become plaintiffs, and on refusal, they should be joined as defendants." To the same effect is 19 R.C.L. 526, tit."Mortgages" § 328.
As the mortgage in the instant case is owned by the complainants and the defendant Fannie Steinhardt as tenants in common, either of such tenants would meet the test above quoted. But whatever may have been the previous rule in this state, or whatever may now be the rule in other jurisdictions, I think it is clear that in this state, at least since the Chancery act of 1915, where a mortgage is given to a man and his wife and one dies, either the survivor or the executors of the deceased mortgagee may institute foreclosure proceedings, joining as defendant the one who refuses to join as complainant. By Chancery Rule 5, "all persons claiming an interest in the subject of the action and in obtaining the relief demanded, either jointly, severally, or in the alternative, may join as complainants. * * * A person entitled to join as complainant, but declining to do so, may be joined as defendant, the reason therefor being stated in *Page 196 
the bill of complaint." Under Chancery Rule 8: "In suits on a joint contract, whether of partnership or otherwise, the personal representative of a deceased co-contractor may join as complainant or be joined as defendants, with the survivor or survivors." These rules appear in the schedule to the Chancery act of 1915 (P.L. 1915 ch. 116 p. 184 — at p. 187 — as Rules 6 and 9), and have the force and effect of the statute itself. The purpose of that act was to simplify the practice in this court. The question here involved is one of pleading and form only (Freeman v. Scofield, supra), and, in any event, the executors are necessary parties. Flemming v. Iulliano, supra.
It simplifies the practice to permit them to be parties complainant. The justification for so doing is apparent in the instant case. The defendant mortgagees have paid one-half of the accrued interest to the surviving wife, but did not pay that portion to which the executors were entitled. To refuse the executors the right to foreclose would open a way for fraud as a mortgagor might, by connivance with the surviving mortgagee, postpone foreclosure indefinitely, and thus escape payment of one-half of the interest as it accrued; and in case of a long term mortgage, if the surviving mortgagee refused to foreclose, the representatives of the decedent would be remediless.
I have no doubt of the right of the complainants to file this bill and I will advise a decree accordingly. *Page 197