The bill is filed by complainants as executors asking the instructions of the court as to the effect of a certain provision in testator's will, and the rights of the parties thereunder.
By the residuary clause testator gave all his residuary estate to his executors and directed them "to divide my said estate as follows:" one-third to his wife; one-third to his daughter; one-sixth to his foster son; the remaining one-sixth "to be divided into five equal parts as follows: *Page 490 
"1. One part to Charles Mast and Anna Mast, his wife.
2. One part to my nephew and niece Carl Weller and Margaret Weller, his wife.
3. One part to my friends Harry Wright and Agnes Wright, his wife.
4. One part to my friend Steven Hanusocky.
5. One part to Mrs. Elsie Brandenberg."
The will further gives the executors power to sell any real estate.
The particular issue in this matter concerns the gift to Charles Mast and Anna Mast of the one-thirtieth portion of the residuary estate (one-fifth of one-sixth). The said Anna Mast predeceased the testator; she was a sister of testator's former wife. Testator's next of kin were his widow and daughter aforesaid; the widow has since died testate, and Joseph C. Paul is the administrator c.t.a. of her estate.
Charles Mast claims that he is entitled to the entire one-thirtieth share; the daughter and the administrator c.t.a.
of the widow contend that Charles Mast is entitled only to one-half of that share and that the other half lapsed by her predeceasing testator and passed by intestacy to the testator's next of kin.
The shares to be distributed consist of proceeds from the sale of both real and personal property and the future proceeds of other lands not yet sold. The several claimants are all parties hereto.
In the administration of every will there are always two questions to be decided, — first, who takes? — and second,what does he (or they) take? Even where, for instance, testator leaves everything to his wife, the executor must ascertain whether the wife survived testator and whether there were children born after the execution of the will. If there is a gift to A, it must be determined whether A was alive at testator's death, and if so, whether the gift is absolute or only a life interest. If A predeceased the testator, it must be determined whether the gift lapses or whether (under statutory enactment or by reason of other provisions in the will) it goes to some one else as legatee or devisee.
Where there is a single gift made to two or more persons collectively, — if both (or all) survive testator there is the *Page 491 
question of whether they take the gift jointly, as joint tenants (in which case if one subsequently dies, his share or interest passes to the other), or whether they take severally, each a separate share or interest (in which case on the subsequent death of one his share or interest passes to his testamentary beneficiaries or his intestate successors). But if one of them predeceases testator, the question arises, — does the share or interest which he would have taken if he had lived, lapse, or does it go to those who did survive testator?
It is highly important that the distinction between these two questions, — "Who takes?" and "What is taken?" — be kept clearly in mind. The failure to do so is likely to result in serious confusion of thought, — and has frequently so resulted in many of the reported opinions and statements of text-writers. The phrase that the legatees "take jointly" (or severally), or that the gift is "made to them jointly" (or severally), — or similar language, — is often loosely used in reference to either or both situations, i.e., where the discussion is as to the persons inwhom the gift vests at testator's death and/or where it is as to the nature and character of the estate which vests in those in whom it does vest.
In the present instance we are considering the case of a single gift made to two persons collectively, one of whom predeceased testator; and the first question naturally is, — who takes the gift? To whom is the gift given? Is it given to the two persons together if they are both living, and to the survivor, if one predecease testator? Or is it a separate gift to each? — in which case the share of one, predeceasing testator, will lapse.
It is unnecessary to say that the intention of the testator, if it can be ascertained from what he has expressed in the will, is controlling. Here the testator has put no express language in the will to state his intention as to what disposition should be made of the gift in case one (or both) of the beneficiaries should be prevented by death from taking it. Neither is there anything elsewhere in the will tending to throw any light on his desire or intent in this behalf. It is quite possible either that the contingency may not have occurred to him, or that he had the erroneous belief that in *Page 492 
all cases if a beneficiary predeceased him, the representatives of such beneficiary would take the gift. This latter is perhaps the more likely supposition, since he has made no provision whatever, either by special substitutionary gift or by a secondary residuary clause, for the disposition of the respective gifts made separately to Steven Hanusocky and to Mrs. Brandenberg. This is however not certain, and moreover while he may have had such belief as to a single beneficiary, he may also have had the belief that a gift to two would go to the one who survived if the other one was not alive when the will took effect.
There is no expression to indicate his desire and intent, other than the language of the gift itself, — "One part to Charles Mast and Anna Mast, his wife." It is impossible to say withcertainty, from consideration of that language alone, (without reference to rules of construction), whether it was his desire that if one of them predeceased him the other should take the whole gift or only half thereof, — nor whether it was his desire that if they both survived so that the gift did vest in both, it should vest in them as joint tenants or as tenants in common. Inasmuch however as these questions must be decided by the courts when litigation is brought in regard thereto, it has been necessary for the courts to develop and adopt certain definite rules of presumption which will operate if and when there is noother, or contrary, indication of testator's intent.
One of these rules is that if a gift is made to a class, the testator is presumed (in the absence of some contrary indication), to intend that those shall take it who constitute the class at the time the gift is to take effect, — and hence in a gift to take immediate effect, those will take who survive testator; the share of any who predeceases will not lapse.
This is true whether the thing given is a joint estate or a tenancy in common, — a collection of interests in severalty. A gift to a class may be intended to be taken and held by them as a joint estate, or it may be intended that they shall severally hold and enjoy separate shares. But in either event, if the gift is to a class, there is no lapse of the share of a member who predeceases the vesting of the gift. *Page 493 
Another rule is that if the gift is given, not to a class but to a number of individuals, the share of one of those individuals who dies before the gift vests will lapse, — just as if the will had separately given a separate gift to each separate individual, — unless, the thing which is given is a joint tenancy. If the thing given to the collective number of individuals is a collection of separate or several interests, each one will be subject to lapse; but if the thing which is given is given as a whole, to be enjoyed jointly by the collective number of beneficiaries, there will be no lapse by the death of one of them.
This is because one of the incidents or characteristics of joint tenancy is that on the death of one of the tenants the survivors take or keep the whole estate. Obviously if a testator intends such a result to happen on the death of a beneficiaryafter the gift has taken effect (by testator's death), he naturally would intend a similar result in the event of the death occurring before his own death. And so the rule is that where the thing given is a joint tenancy, there is no lapse by the death of one of the beneficiaries before the vesting of the gift, even though it is given to individuals.
Is the gift in the instant case a gift to individuals or to a class?
Whether there is or is not a gift to a class depends upon the rule or definition of a "class," — and the varying interpretations and applications of that rule. That rule or definition is set forth in Clark v. Morehous, 74 N.J. Eq. 658,70 Atl. Rep. 307, — holding that a gift to a class arises where it is "of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who shall take in equal or otherwise definite proportions, the share of each being dependent on the actual (ultimate) number of persons."
See also, Supp v. Second National Bank, c., Co., 98 N.J. Eq. 242,
at 247, 130 Atl. Rep. 549, and cases cited.
Correspondingly, it is held that a gift to a number of persons by name is not a gift to a class. This is apparently based on the thought that a gift to a body of persons who are named, is not a gift to a body of persons uncertain in number, *Page 494 
— (although it is obvious that a body of named persons is uncertain in number because subject to decrease by death, even if not subject to increase by births). However this may be, it is a definitely settled and determined rule that a gift to several persons by name, without more, — even if they in fact constitute a class, or even if they are also described as a class, (e.g., "to my children A.B.C. and D."), — is not a gift to a class.Dildine v. Dildine, 32 N.J. Eq. 78; Traverso v. Traverso,99 N.J. Eq. 514, at 522, 133 Atl. Rep. 705, affirmed, 101 N.J. Eq. 308,137 Atl. Rep. 919; Gordon v. Jackson, 58 N.J. Eq. 166 atp. 170, bottom, 43 Atl. Rep. 98.
The gift in the instant case is therefore not to a class, — even if husband and wife should be deemed to constitute a class; and is not saved from lapse for that reason. We must look to the other question.
What is the nature of the thing which is given? Is it a joint estate, or such other estate as will not lapse (pro tanto) by the death of one of the persons to whom it is given? Or is it an aggregation of interests in severalty, — a gift of tenancies in common?
If the gift in the present case were to two persons other than husband and wife, it would be difficult to determine whether the thing given should be deemed a joint estate or two several estates in common, — this because of the considerable number of conflicting determinations and dicta in the reported opinions in this state and the apparent uncertainty in which the matter is thereby left. These however need not here be considered or discussed.
Two persons who are husband and wife constitute an aggregation of a special and particular type, and as to gifts made to two persons specifically as husband and wife, and who in fact are husband and wife, special rules have been laid down by the law, separate and distinct from those applicable to gifts made to a class or to two persons who are not spouses.
Under the old English common law, — which is our common law so far as it has not been subsequently modified by us, — the rule was established that in the case of a testamentary gift to husband and wife, whether a devise of realty *Page 495 
or a bequest of personalty, the gift is to be deemed (in the absence of anything in the will indicating a different intent) a gift of an estate by the entirety. 3 Jarman, Wills (7th ed.)pp. 1762, 1763 and cases cited. Cf. also Hawkins, Wills
(3d ed.), p. 151. It is of course an incident of such tenancy that on the death of one the ownership of the entirety remains in the survivor.
By the operation of the English Married Women's Property act of 1882 (which of course does not affect the law in this state) the tenancy by the entirety which would otherwise have been created as above, was changed to a joint tenancy, — which of course has the incident of survivorship, so that the practical effect of the rule remained unchanged so far as concerns the point under present discussion. A subsequent English statute of 1925 had some further slight effect on the situation, but not here material.
In this state it is clear that the common law has not been changed in this respect by the operation of our own Married Women's act, so far as realty is concerned. A conveyance to husband and wife still conveys a tenancy by the entirety, unless the conveyance expresses an intention to convey a different estate. Buttlar v. Rosenblath, 42 N.J. Eq. 651,9 Atl. Rep. 695. A testamentary gift of realty to husband and wife would therefore still convey a tenancy by the entirety, with the incident of survivorship; and for the same reasons hereinbefore stated with respect to a gift in joint tenancy, there would be no lapse by the death of either spouse prior to the death of testator.
As to a testamentary gift of personalty however, it would seem that a contrary rule would prevail and a contrary result ensue. By unanimous opinion in Central Trust Co. v. Street, 95 N.J. Eq. 278,127 Atl. Rep. 82, the appellate court definitely expresses the determination that the legislation in this state "has rendered it impossible to recognize the existence of an estate by the entirety in personal property," and that under a conveyance of personal property to husband and wife, the spouses take as tenants in common. (Whether or not this would be so held in the case of an instrument specifically directing the conveyance of an estate by the entirety need not *Page 496 
here be considered.) Hence, as to the gift in the instant case, — if it be, or to the extent that it is, a gift of personalty, the husband and wife would take in severalty, as tenants in common; and, for the reasons hereinbefore stated, a lapse would result on either predeceasing testator.
Was the subject-matter of this gift realty or personalty? The stipulation of facts shows that the decedent's estate consisted of both. While not expressly so stipulated, the brief submitted by complainants states that the estate was such as necessarily required the sale of the real estate, under the power of sale given by the will, in order to carry out the distribution directed by the will. This statement is tacitly acquiesced in by the other parties, since it has not been challenged or contradicted by either party, although more than ample opportunity has been had by them for that purpose.
Under such circumstances the will is to be interpreted as expressing a positive direction to the executors to sell, and the subject-matter of the gifts will be deemed personalty. Roy v.Monroe, 47 N.J. Eq. 356, 20 Atl. Rep. 481.
It must be held therefore that the gift to Charles Mast and Anna Mast was of personalty; was to them in severalty as tenants in common; that the gift to Anna Mast lapsed by her failure to survive testator; that the testator died intestate as to the legacy so lapsing; and that such lapsed legacy should be distributed to the testator's next of kin.
The presumption that testator did not intend that any intestacy should occur affords no sound basis for an argument that by reason thereof the will should be interpreted as giving a joint gift to the two spouses and/or the survivor. Such presumption against intestacy would apply just as strongly to the situation which would exist if one of the other single beneficiaries named in the will had predeceased testator, but obviously in such case it could not avail to prevent intestacy. It can have no stronger effect as an argument in the situation which actually exists. *Page 497