The petitioners, as executors of the last will and testament of Henry C. Langhaar, appeal from the transfer inheritance tax levied in respect of the remainder interest of a trust fund established under said will.
By codicil to that will, it is provided:
"Second: I give and bequeath to my trustees, hereinafter named, the sum of $100,000, IN TRUST NEVERTHELESS, for the uses and purposes hereinafter set forth, said sum of $100,000.00 to be prior in payment to any and all bequests, legacies and devises herein contained:
"A. To pay to my said wife the sum of $4,000.00 each and every year in equal quarterly installments during the term of her natural life;
"B. Upon the death of my said wife, to pay the balance of the principal of said trust with accumulations then remaining, in the same estates, interests and proportions as I have provided herein for the disposition of the residue of my estate."
The residuary estate is disposed of as follows:
"Eleventh: All the rest, residue and remainder of my estate, real, personal, or mixed, of whatsoever nature or wheresoever situated, of which I may die seized or possessed or to which I may be legally or equitably entitled or over which I may have any power or powers of appointment, I give, devise, and bequeath to my nephew, Walter Hillebrandt, my nephew, Louis Langhaar, my nephew, John Langhaar, my niece, Henrietta Hillebrandt, my niece, Louise H. Hillebrandt, and my niece, Janet L. Sellew, in equal shares, in fee." *Page 376 
At the testator's death, the widow was sixty-seven years of age and the six residuary legatees were all living. The commissioner fixed the value of the widow's interest in the trust fund at $27,442.96 and the value of the remainder interest therein at $72,557.04. He also determined that the tax on the remainder, as well as that on the interest for life, was immediately due and payable.
The executors contended, — and so contend on this appeal, — that under the provisions of the will in question the gift to the six nephews and nieces was contingent and defeasible and that under the provisions of section 3 of the statute the estate was entitled to elect to defer the adjustment of taxes upon the future interest until the remaindermen should have come into the beneficial enjoyment, seizin or possession thereof. Upon the commissioner's refusal to postpone the levy and assessment of the tax, notwithstanding bond was tendered in twice the amount of the tax imposed on said interest, (pursuant to the last paragraph of section 3 of the statute, — P.L. 1909, c. 228 and amendments), the assessment was paid under protest.
The petition before this court contains a full recital of the facts as hereinbefore outlined and alleges that the executors are aggrieved by the acts of the commissioner (1) in fixing the value of the remainder interest at $72,557.04; (2) in including this sum in the taxable estate; (3) in refusing the bond tendered and requiring immediate payment of so much of the tax as was levied against the remainder interest. Clearly these allegations are sufficient for the purposes of appeal and the respondent's motion to dismiss the petition on technical grounds, without consideration of the merits, is accordingly denied.
The question at issue on this appeal is as to whether the tax on the remainder interest in the trust fund, — all interests in that fund other than the interest of the widow therein, — became and was assessable, leviable, due and payable at the death of testatrix. No other issue is raised. If this question be answered in the affirmative the tax must be affirmed. It is, at least tacitly, conceded that if the commissioner was correct in assessing and levying this tax as of the date of the *Page 377 
death of testatrix, his appraisals and computations were correct.
Section 2 of the statute (now R.S. 1937, 54:36-1) provides that
"When any person shall bequeath * * * any property or interest therein * * * to any person * * * for life or for a term of years, and vested interest in the remainder or corpus of said property to any person, * * * the whole of said property so transferred as aforesaid, shall be appraised immediately at its clear market value; and the value of the said life estate or estate for a term of years shall be fixed in the manner provided by section fourteen of this act; and the value of the remainder in said property so limited shall be ascertained by deducting the value of the said life estate or estate for a term of years from the appraised market value of the property so limited; and the tax on the said estate or estates, remainder or remainders, interest or interests, shall be immediately due and payable * * *."
Section 14 (now R.S. 54:36-2) provides that
"In determining the value of a life estate, annuity, or estate for a term of years, the American Experience Table of Mortality, with interest at the rate of five per centum per annum shall be used."
The commissioner proceeded in accordance with these sections. Appellants' contention is that the interest (in the trust fund) given to the widow is not a life estate, — (concededly it is not an estate for a term of years), — and that the interest in the remainder or corpus of the fund given to the six nephews and nieces is not a vested interest; and that therefore section 2 is not applicable in the instant case. They contend that the situation comes under the operation of section 3 of the statute (now R.S. 54:36-3) which provides that
"Where an instrument creates an executory devise or an estate in expectancy of any kind or character which is contingent or defeasible, the property transferred in accordance with such executory devise or the property in which such contingent or defeasible interest is created, * * * shall be appraised immediately * * * and after deducting from such appraisement the value of the life estate or estate for a term of years created by such instrument, the tax on such life estate or estate for a term of years * * * shall be immediately levied and assessed, but the tax on the balance of said appraised value of such estate shall not be levied or assessed until the person or corporation entitled to said property comes into the beneficial enjoyment, seizin, or possession thereof, and if taxable shall then be taxed. *Page 378 
Where an instrument creates a power of appointment, the life estate, or estate for a term of years, created and transferred by such instrument, if taxable, shall be immediately appraised and taxed at its clear market value, but the appraisal and taxation of the interest or interests in the remainder to be disposed of by the donee of power shall be suspended until the exercise of the power of appointment, and shall then be taxed, if taxable, at the clear market value of such property, which value of such property shall be determined as of the date of the death of the creator of the power.
"A tax on an estate for life, or an estate for a term of years, levied and assessed as directed in this section, shall be due and payable as provided in section five of this act." — (i.e., at death of testator) — "All other taxes levied and assessed as directed in this section and all taxes on any property which may be transferred to the residuary legatees, heir or next of kin of any decedent, or which may revert to the heir of any decedent by reason of the failure of any contingency upon which any remainder may be limited, shall be due and payable within two months after the person entitled to the property shall come into the enjoyment, seizin or possession thereof."
In so far as concerns appellants' contention that section 2 does not apply to the instant case because it (allegedly) applies only to the case of a life estate or an estate for a term of years, followed by a remainder, and (allegedly) such is not the fact in the case at bar, — appellants are in error on both points. Section 2, by its express terms, applies to the case where there is a gift of any interest in any property to any person for life or for a term of years and a gift of vested interest in the remainder or corpus of said property to any person.
It is true that later on in the section the prior interest is referred to as "the said life estate or estate for a term of years," but it is quite evident (from the word "said") that this refers back to the "interest" for life or term of years, originally specified. It is further clear that by the use of the words "interest for life or for a term of years," the legislature evidenced the intent to include any and all interests for life, or for years, and not to restrict the classification solely to such estates as should come within the strict, technical legal meaning of the terms "life estate" or "estate for a term of years."
It is of course true that the terms "life estate" and "annuity" are not identical; and it is true that in section *Page 379 
14 the two terms are used separately; but appellants' reference to section 14 as proof of their contention that the legislature was using terms as their strict technical meaning and hence is not to be understood as having reference to annuities in section 2, is not particularly persuasive. Just how, for instance, is a mortality table to be used in determining the value of an estate for a term of years? — as section 14 says it shall be used.
There can be no question but that, while there is a differentiation between the terms "annuity" and "estate for life," nevertheless an annuity for life payable out of a specific fund (which is what is provided by the will sub judice) is assuredly an interest in property for life, and hence comes within the purview and intent of section 2.
It is also obvious that the gift to the six nephews and nieces, of "the balance of the principal of said trust" (fund) "with accumulations then remaining" at the death of the wife, is a gift of "interest in the remainder or corpus of said property" (i.e., that property, the life interest in which was given to the prior beneficiary), — as provided in section 2. Clearly section 2 is intended to apply to cases where there is a gift of some interest for life (or years) in certain property, and a further gift of all remaining interest in that property other than, and beyond, such interest for life. Clearly also the will provides a gift of an interest for life in the trust fund (a life annuity payable out of that particular fund), and a gift of the entire interest in that fund other than the said life annuity, — the entire fund remaining after the death of the life annuitant.
There remains the question as to whether this gift of the balance or remainder was "vested," as specified in section 2, or "contingent or defeasible" as specified in section 3.
Where it appears from the entire will that the only reason for postponement of the future gift is to let in some other interest, the gift is deemed presently vested, — the ownership passes at once though the time of enjoyment is postponed. Howell, Ex'r, v. Green, 31 N.J. Law 570. For example, where there is a gift of a life estate and a gift of the remainder interest after the termination of the life estate, the latter *Page 380 
will be deemed vested immediately (if there is nothing to indicate a different intent). Redmond v. Gummere, *94 N.J. Eq. 216,
at 217, 119 Atl. Rep. 631. In the instant case, the gift of the "balance of the principal" has been made to six definite and presently existing beneficiaries, — those named as residuary legatees. As the only reason for the postponement of this gift is to let in the life interest of the widow, there can be no doubt but that the future estate is presently vested in the residuary legatees, and was so vested immediately at testator's death.
Being immediately vested, it is of course not contingent. Neither is it defeasible. Section 3 refers only to such estates in expectancy as are "contingent or defeasible." The will contains no provision, express or implied, for any possible defeasance; nor can any defeasance arise by operation of law. The gift is to the several persons named, — to each by name in equal shares. Such a gift is not a gift to a class, even if the legatees do in fact constitute a class, — Damron v. Mast,121 N.J. Eq. 489, at 493-4, 191 Atl. Rep. 467, and cases cited. Hence they do not hold as joint tenants, but each is vested individually of one-sixth share; and the ownership of that share would pass, on the death of any one of them prior to the death of the life-annuitant, not to someone else by operation of the will in question, but, like any other property owned by him or her, to his or her own legatees or next of kin.
There is a seeming ambiguity which might be deemed to arise out of that provision in the middle of the second paragraph of section 3 which reads that
"All taxes on any property which may be transferred to the residuary legatees, heir or next of kin of any decedent, or which may revert to the heir of any decedent by reason of the failure of any contingency upon which any remainder may be limited, shall be due and payable within two months after the person entitled to the property shall come into the enjoyment, seizin or possession thereof."
Taken by itself, and in accordance with strict grammatical construction, this would seem to indicate that all taxes on anyproperty which may be transferred to the residuary legatees, heiror next of kin of any decedent, * * * shall be *Page 381 
due and payable two months after, c. Consideration however results in the inevitable conclusion that the clause above underlined was intended to be qualified by the clause "by reason of the failure of any contingency" c., (notwithstanding no comma immediately precedes this latter clause).
So interpreted, all portions of these statutory provisions are reasonable, logical and operative without conflict. Section 2 refers to interests for life or years certain and to interests remaining after such prior interests; and makes the latter as well as the former taxable at decedent's death, if they bevested interests. Section 3 refers to interests for life or years certain and to interests in remainder which are contingentor defeasible, — also to such alternative remainder interests as arise by reason of the failure of the contingency or the happening of the defeasance. As to all of these remainder interests taxability is deferred, though the prior interests for life or years certain are immediately taxable.
For the reasons stated, it is concluded that the remainder interests in the instant case were vested and therefore came within the provisions of section 2 and did not come within the provisions of section 3.
Appellants urge that the interpretation of our statute is to be governed by the decisions of the State of New York which were made prior to our adoption of the statute. Suffice it to say on this point that the New York authorities relied on do not support the contention that the future estate in question is contingent or defeasible instead of vested; and if they did, their decisions on that point would not be binding on the courts of this state in contravention of the decisions of our own highest court.
Appellants' contention that it is impossible to compute the value of the remainder interest until it vests in possession, — in view of the fact that the corpus may be resorted to for the payment of the annuity and that unascertainable sums for commissions, administration expenses, trustee and counsel fees must be paid from the remainder interest, — is untenable. Computation of the value of an annuity is perfectly possible, — it is done every day. Section 2 directs that this shall be done and that by deducting this value from the whole, *Page 382 
the value of the remainder interest is to be determined. This is exactly what the commissioner did.
Furthermore, the commissioner, in his discretion, in determining the value of a decedent's net taxable estate, deducts from the gross estate reasonable allowances for counsel, trustee and other fees, and there is neither proof, nor even claim, that he has not done so in the instant case.
The tax will be affirmed. *Page 383